# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CREDIT ONE BANK, N.A., | ) | Civil Action No. 3:21-cv-02923 |
| | ) | |
| *Petitioner*, | ) | |
| v. | ) | |
| | ) | |
| ADAM LIEBERMAN AND GENESE LIEBERMAN, | ) | |
| | ) | |
| *Respondents*. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Credit One Bank, N.A. ("Credit One") by and through its counsel, respectfully petitions this Court under the Federal Arbitration Act, 9 U.S.C. § 9, for an order confirming an arbitration award, and to enter judgment in favor of Credit One and against Adam Lieberman and Genese Lieberman (collectively the "Liebermans"). In support of its petition, Credit One states as follows:

1. On January 14, 2021, Hon. Ariel E. Belen (Ret.) rendered a final arbitration award in favor of Credit One and against the Liebermans in JAMS Arbitration, *Adam Lieberman vs. Credit One Bank, N.A.*, JAMS Case Ref. No. 1425025196 (the "Final Award"). *See* Verification of Andrew J. Soven in Support of Petition to Confirm Arbitration Award (the "Soven Verif.") at Ex. 1, attached hereto as <u>Exhibit A</u>. A true and correct copy of the arbitration agreement between the parties, including the applicable changes in terms, is also included in Exhibit A. *See* Soven Verif. at Ex. 2.

## PARTIES

1. Credit One is a national association authorized to do business in New Jersey, with its headquarters located in Nevada.

2. The Liebermans are individuals who, upon information and belief, reside in Lakewood, New Jersey.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Federal Arbitration Act, 9 U.S.C. § 9.

4. Venue is proper in this judicial district pursuant to 9 U.S.C. § 9 because the parties' arbitration agreement specified "any court having jurisdiction" as the place for enforcement of the award.  *See* Soven Verif. at Ex. 2.

## FACTS

5. Adam Lieberman commenced the arbitration against Credit One on November 12, 2017 claiming Credit One violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

6. He alleged Credit One made 611 phone calls to collect an outstanding credit card debt, without the consent of the called party through the use of an automatic telephone dialing system ("ATDS") in violation of the TCPA.

7. Credit One submitted a Counterclaim against Adam Lieberman for Fraud and for Declaratory Relief.

8. Credit One also submitted a Cross-Complaint against Genese Lieberman for (i) Breach of Contract, (ii) Negligence, (iii) Fraud, (iv) Negligent Misrepresentation, and (v) Declaratory Relief and Indemnification.

9. The parties engaged in discovery, and in early January 2020 submitted pre-hearing briefs.

10. On January 22 and 23, 2020, an arbitration hearing was conducted.

11. Post-hearing briefs were later submitted and additional oral argument was held on June 3, 2020.

12. The Arbitrator dismissed Adam Lieberman's claims against Credit One, and found, among other things, that the Liebermans must compensate Credit One for all its costs and expenses including attorneys' fees in the arbitration. *See* Soven Verif. at Ex. 1.

13. The Arbitrator further found that Genese Lieberman must indemnify Credit One for any costs and expenses including reasonable attorneys' fees and costs incurred in the arbitration. *See id.*

14. Notably, the Arbitrator made a finding that "In the abstract, one might, albeit with great difficulty, conclude that all of the Claimant's and his spouse's conduct this this case was innocent" but the "reality, however, is that Claimant decided to bring an arbitration and is seeking compensation in the hundreds of thousands of dollars for what is decidedly a fraud." *Id.* at 15.

15. Important as support for the Award against the Liebermans was that they had not just done this once, but they had filed six other TCPA lawsuits against six other financial institutions, represented by the same attorneys in all of them. *Id.*

16. Credit One's Application for Attorneys' Fees, Costs, and Expenses was granted in full in the Award on January 14, 2021.

17. The Award has not been vacated under 9 U.S.C. § 10, or modified or corrected under 9 U.S.C. § 11.

18. Pursuant to 9 U.S.C. § 9, Credit One has brought this action within one year after the Award was made on January 14, 2021.

**LEGAL STANDARD**

19. Confirmation is the process through which a party to arbitration completes the award process under the FAA and the award then becomes a final and enforceable judgment. *See* 9 U.S.C. § 13. The FAA not only authorizes, but mandates, that district courts confirm

arbitration awards by converting them into enforceable judgments through a summary proceeding. *See Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245, 248 (3d Cir. 2020) (agreeing with the 2nd Cir. that "the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).

20. Section 9 of the FAA governs confirmation of arbitral awards. For the FAA to apply to enforcement proceedings, the parties' agreement must state that a court may enter judgment on the award. *See* 9 U.S.C. § 9; *Phoenix Aktiengesellschaft v. Ecoplas, Inc.*, 391 F.3d 433, 437 n.3 (2d Cir. 2004)). If the parties' agreement satisfies this requirement, any party may apply to the Court within one year after issuance of the arbitration award to confirm the award. *See* Enforcing Arbitration Awards in New Jersey, Practical Law Practice Note w-002-5355. The Court may hear argument but does not hold a hearing, and parties do not present evidence. *Id.*

21. Courts begin the analysis with the presumption that an award is enforceable, and may vacate it only under "exceedingly narrow circumstances." *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 251 (3d Cir. 2013)). That is because the Court reviews an arbitration award "under an 'extremely deferential standard,' the application of which 'is generally to affirm easily the arbitration award.'" *Hamilton Park Health Care Ctr. v. 1199 SEIU United Healthcare Workers E.*, 817 F.3d 857, 861 (3d Cir. 2016) (quoting Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003)).

22. Finally, "[i]t is thus not the role of a [C]ourt to correct factual or legal errors made by an arbitrator." *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 240 (3d Cir. 2005). So long as the arbitrator "makes a good faith attempt to [interpret and enforce a contract], even serious errors of law or fact will not subject his award to vacatur." *Sutter v. Oxford Health Plans, LLC*, 675 F.3d 215, 220 (3d Cir. 2012).

## CAUSE OF ACTION FOR CONFIRMATION
## OF THE AWARD AND GRANTING JUDGMENT
## IN FAVOR OF CREDIT ONE AND AGAINST THE LIEBERMANS

23. Credit One repeats and realleges paragraphs 1 through 22 above as though fully set forth herein.

24. Confirmation of the Award is subject to the Federal Arbitration Act because this arbitration involves interstate commerce. *See* 9 U.S.C. § 1.

25. Section 9 of the FAA provides that parties to an arbitration agreement "at any time within one year after the award is made" may apply to a court "for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

26. Less than one year has elapsed from the date the Award was made.

27. Section 10 of the FAA, 9 U.S.C. § 10, sets forth four grounds that justify vacating an award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

28. None of these four grounds in Section 10 of the FAA apply to the Award here and there is thus no basis to vacate the Award.

29. Respondent has failed to satisfy the Award in whole or in part.

30. By reason of the foregoing, the Award should be confirmed and enforced pursuant to the FAA and the Court should order that judgment be awarded in favor of Credit One and against the Liebermans.

31. No prior request for this relief has been made.

WHEREFORE, Petitioners request that the Court enter an Order and Judgment as follows:

(1) Confirmation of the January 14, 2021 Corrected Final Award;

(2) A judgment in the amount of $286,064.62 entered in favor of Credit One and against Adam Lieberman and Genese Lieberman, jointly and severally, and post-judgment interest at the statutory rate from the date judgment is entered until the judgment is paid;

(3) for such other and further relief as this Court deems just and proper.


Dated: February 18, 2021

Respectfully submitted,

/s/ *Andrew J. Soven*_____
Andrew J. Soven
NJ Attorney No. 023671995
**HOLLAND & KNIGHT LLP**
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Phone: 215-252-9554
Andrew.Soven@hklaw.com

*Counsel for Credit One Bank, N.A.*