IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CREDIT ONE BANK, N.A.,** | Civil Action No.: |
| Petitioner, | 3:21-cv-02923 |
| -against- | |
| **ADAM LIEBERMAN and GENESE LIEBERMAN,** | |
| Respondents. | |

**MEMORANDUM OF LAW IN OPPOSITION TO CREDIT ONE'S PETITION TO CONFIRM THE ARBITRATION AWARD AND IN SUPPORT OF RESPONDENTS' CROSS-MOTION TO VACATE THE ARBITRATION AWARD**

MARCUS ZELMAN, LLC

Yitzchak Zelman, Esq.
Ari H. Marcus, Esq.
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone:     (732) 695-3282
Fax:         (732) 298-6256
*Attorney for the Respondents*
*Adam Lieberman and Genese Lieberman*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**......................................................................................................1

**ARGUMENT**.................................................................................................................................3

    A.  **The Award Against Genese Lieberman Is Completely Irrational And Not Supported By The Record**……………………………………………………….3

    B.  **The Award Of Attorneys' Fees And Costs Against Adam Lieberman Should Also Be Vacated**……………………………………………………………………..8

**CONCLUSION**.............................................................................................................................12

i

# **TABLE OF AUTHORITIES**

*Black Box Corp. v. Markham*,
 127 Fed.Appx. 22 (3d Cir.2005).......................................................................................3

*Inter–City Gas Corp. v. Boise Cascade Corp.*,
 845 F.2d 184 (8th Cir.1988)…………………………………………………………….6

*Major League Baseball Players Ass'n. v. Garvey*,
 532 U.S. 504 (2001)……………………………………………………………………..6

*Matteson v. Ryder Sys.*,
 99 F.3d 108 (3d Cir.1996)……………………………………………………………….3

*Monongahela Valley Hosp., Inc. v. United Steel, Paper & Forestry*,
 386 F. Supp. 3d 596 (W.D. Pa. 2019)…………………………………………………...6

*Mut. Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.*,
 868 F.2d 52 (3d Cir. 1989)……………………………………………………………….3

*Osceola County Rural Water Sys., Inc. v. Subsurfco, Inc.*,
 914 F.2d 1072 (8th Cir.1990)…………………………………………………………...6

*PMA Capital Ins. Co. v. Platinum Underwriters Bermuda, Ltd.*,
 659 F. Supp. 2d 631 (E.D. Pa. 2009)…………………………………………………….3

*Roadway Package Sys. Inc. v. Kayser*,
 257 F.3d 287 (3d Cir. 2001)……………………………………………………………..7

Statutes and Other Sources

9 U.S.C. § 10(a)(4)……………………………………………………………………...3

**PRELIMINARY STATEMENT**

Adam Lieberman filed the underlying arbitration proceeding because Credit One Bank, hell-bent on collecting money that Mr. Lieberman did not have, tried cowing him into submission by a sustained campaign of harassment. Credit One Bank did this by calling Mr. Lieberman **8-10 times a day, every day**, for months on end, resulting in an **astounding 611 phone calls to him**.[1] These 611 calls were all placed over a four month span. There was no escaping these calls - calls were made on Saturdays and they were made on Sundays. As pointed out in the Arbitration Hearing, these calls started at the crack of dawn, with calls starting from **6:00 a.m.**[2]

To try to stop these calls, Mr. Lieberman followed the instructions set forth in Credit One's Cardholder Agreement - which said that all such requests *must* be made in writing - by submitting two separate letters to Credit One. At the Arbitration Hearing, Credit One tried to claim that it was 'set up' and that these letters were somehow made purposely 'unclear' because of the formatting of the letters. But Credit One could not escape the 'smoking gun' – its own account notes make clear that its representatives understood *exactly* what was being requested, stating: "**Received Request to Stop Communication and Marketing Offers From Third Party Adam Lieberman, The Husband Of Cardmember**."

Nevertheless, the Arbitrator decided that Adam Lieberman committed fraud (1) by opening up a credit card account for his wife in 2010, (2) providing his own number to be contacted by Credit One if there were any issues with the account, and (3) revoking the consent to be called in 2017, 7 years after that consent was provided, when the calls became overwhelming. Per the Arbitrator, Mr. Lieberman should have simply verbally informed Credit One to stop calling him.

---

[1] While the call log actually reflects **884** calls, Credit One was only sued over the 611 calls that were placed after Credit One received Mr. Lieberman's first Letter asking for the calls to stop. *See,* Tr. 336:7 – 337:2.

[2] *See,* Hearing Transcript (hereinafter "Tr."), 89:15 – 90:2.

1

The Arbitrator's award of costs and fees against Mr. and Mrs. Lieberman, jointly and severably, must be vacated as completely irrational and inherently contradictory.

For example, the Arbitrator ordered that *Genese* Lieberman was required to indemnify and reimburse Credit One for all of its fees and costs incurred in the arbitration, pursuant to an indemnification clause in the Cardholder Agreement.  But, inconsistently, the Arbitrator also repeatedly found throughout his holding that (1) it was *Adam* Lieberman who signed up for the account and provided his phone number, (2) that this was done without Genese's knowledge, and that (3) the Cardholder Agreements were never even sent to Genese Lieberman, because they were sent to *Adam's* business address.  Despite all of his findings that Genese had never provided a phone number to Credit One, or otherwise had any other involvement with the Account, the Arbitrator nonetheless irrationally found that *Genese* was bound by the indemnification clause in the Cardholder Agreement, which provided that

> "**if you provide telephone number(s)** for which you are the subscriber, you understand that you shall indemnify us for any costs and expenses, including reasonable attorneys' fees, incurred as a result of us contacting or attempting to contact you at the number(s)."

*See,* Final Award, annexed hereto as Exhibit A, at 12.

The Arbitrator similarly erred in awarding any monetary judgment against Mr. Lieberman. The Arbitrator decided to award attorneys' fees and costs against Mr. Lieberman, holding that Mr. Lieberman had committed fraud against Credit One Bank.  While the Arbitrator correctly articulated the appropriate standard for a claim of fraud (a material misrepresentation, reliance, inducement, etc), the Arbitrator nowhere connected those necessary elements to Mr. Lieberman's actions.  Nor could he – at the Hearing, Credit One's sole witness testified that he had zero knowledge as to the fraud claim brought by Credit One. Incredibly, Credit One's sole witness expressly conceded he could not testify *how* Credit One was defrauded, or *when* it was defrauded.

2

For the reasons set forth below, it is respectfully submitted that the Respondent's Cross-Motion to Vacate the Arbitration Award should be granted in its entirety, and that the Petitioner's Motion to Confirm the Arbitration Award should be denied in its entirety.

## ARGUMENT

**A. The Award Against Genese Lieberman Is Completely Irrational And Not Supported By The Record.**

Although courts accord a high level of deference to an arbitrator's decision, courts are "neither entitled nor encouraged simply to 'rubber stamp' the interpretations and decisions of arbitrators." *Matteson v. Ryder Sys.*, 99 F.3d 108, 113 (3d Cir.1996). The Federal Arbitration Act expressly allows vacatur "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). Pursuant to this provision, a Motion to Vacate the Arbitrator's Award should be granted if: (1) the form of the award cannot "be rationally derived either from the agreement between the parties or from the parties submissions to the arbitrators"; and (2) the terms of the award are "completely irrational." *PMA Capital Ins. Co. v. Platinum Underwriters Bermuda, Ltd.*, 659 F. Supp. 2d 631, 635 (E.D. Pa. 2009), aff'd, 400 F. App'x 654 (3d Cir. 2010), citing *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.*, 868 F.2d 52, 56 (3d Cir. 1989). The Third Circuit has recognized manifest disregard of the law as an additional ground for vacatur. *See, Black Box Corp. v. Markham*, 127 Fed.Appx. 22, 25 (3d Cir.2005) ("The 'manifest disregard of the law' doctrine is a judicially-created one that is to be used only in those exceedingly rare circumstances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the vacatur provisions of the FAA apply").

There is no rational support for the Arbitrator's award against Genese Lieberman. As set forth above, the Arbitrator's award against Genese Lieberman was based on an indemnification

3

clause in a 2016 Change of Terms[3], which stated that "**if you provide telephone number(s)** for which you are the subscriber, **you understand that you shall indemnify us** for any costs and expenses, including reasonable attorneys' fees, incurred as a result of us contacting or attempting to contact you at the number(s)." *See,* Docket 1-4, page 8.  But at no point did the Arbitrator find that Genese Lieberman provided *any* phone numbers to Credit One Bank, or that Genese Lieberman was even aware of these account documents.  To the contrary; throughout his 20-page Award, the Arbitrator consistently found that *Adam* Lieberman had provided the phone number to Credit One without Genese's knowledge:

- Page 7 of the Award - "To the contrary, his [Adam's] cellphone number was obtained when **he** opened the subject credit card account on his wife's behalf and gave his cellphone number as the specific number to be called in relation to this account";

- Page 11 of the Award – "Adam Lieberman falsely represented to Respondent that he was Genese Lieberman when he applied for a credit card pretending to be her.  In that application, he falsely gave his business address as her home address.  **He falsely represented that his cell phone number ending in 2345 was her phone number**.  Mr. Lieberman opened this account without his spouse's knowledge in 2010";

- Page 15 of the Award – "**Claimant** applies for credit cards for his wife using her information and without her knowledge and then **provides his cell phone number** instead of Mrs. Lieberman's";

---

[3] The credit card account was opened in 2010, and governed by a Cardholder Agreement.  *See,* Docket 1-4, pages 1-7.  In 2016, Credit One Bank issued a Change of Terms, modifying that Cardholder Agreement.  *See id.,* pages 8-9.  It is this Change of Terms which included the Indemnification Clause.

4

Not once in the Arbitration Award does the Arbitrator find that *Genese* Lieberman provided any phone number to Credit One Bank.  Instead, the Arbitrator consistently and repeatedly found that *Adam* Lieberman provided the phone number.  Clearly, if *Adam* Lieberman provided his phone number, then *Genese* Lieberman cannot be liable for indemnification under a clause which states "**if you provide telephone number(s)** for which you are the subscriber, you understand that you shall indemnify us".  Per the Arbitrator's findings, only one person "provide[d] telephone numbers" to Credit One Bank, and that person wasn't Genese Lieberman.

In the Lieberman's Post-Hearing Brief, the Liebermans specifically pointed out that Genese Lieberman could not possibly be liable under the indemnification clause, since she had never provided any phone numbers to Credit One.  *See,* Post-Hearing Brief, annexed as Exhibit B, at page 36.  After the Arbitrator issued his Interim Award, finding that Genese Lieberman must indemnify Credit One for its attorneys' fees and costs, Credit One then filed its Petition for Attorneys Fees.  In response, the Liebermans again pointed out that Mrs. Lieberman could not be liable under the indemnification clause, since the Arbitrator has specifically found that she had not provided any phone numbers to Credit One.  *See,* Opposition to Attorneys' Fees, annexed as Exhibit C, at pages 1-2.  In the Final Award, the Arbitrator then inserted an extra two sentences, in an attempt to explain away this inconsistency: "Claimant's argument that his spouse Genese Lieberman should not be held accountable for Credit One's expenditures is similarly without merit. Genese Lieberman used the credit card and thus became bound to the terms of the account including its Indemnification Clause."  *See,* Exhibit A, at page 19.

The Arbitrator's decision to so blatantly ignore the plain terms of the Change in Terms cannot be sustained.  The Supreme Court has expressly held that an arbitrator exceeds his powers, providing grounds for vacating the arbitral award under 9 U.S.C. § 10(a)(4), "when the arbitrator

5

strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice." *Major League Baseball Players Ass'n. v. Garvey*, 532 U.S. 504, 509 (2001). *See also, Osceola County Rural Water Sys., Inc. v. Subsurfco, Inc.*, 914 F.2d 1072, 1075 (8th Cir.1990) ("Although the arbitrator's authority is broad, it is not unlimited. The arbitrator ... [may not] disregard or modify unambiguous contract provisions"); *Inter–City Gas Corp. v. Boise Cascade Corp.*, 845 F.2d 184, 187 (8th Cir.1988) ("If the arbitrator interprets unambiguous language in any way different from its plain meaning, the arbitrator amends or alters the agreement and acts without authority"); *Monongahela Valley Hosp., Inc. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO, CLC*, 386 F. Supp. 3d 596, 600 (W.D. Pa. 2019)("If an arbitrator changes the terms of a contract rather than interprets it, a court may overturn the arbitrator's decision").

In this case, the indemnification clause in the 2016 Change of Terms is unambiguous. The duty to indemnify is only triggered "**if you provide telephone number(s)** for which you are the subscriber", assuming Credit One later incurs fees or costs "as a result of us contacting or attempting to contact you at the number(s)". But - as all the evidence in the case indicated, and as expressly found by the Arbitrator – Genese Lieberman never provided *any* phone numbers to Credit One. Instead, as the Arbitrator specifically found, the phone number was provided to Credit One by *Adam* Lieberman when he opened the account without Genese's knowledge. Under the plain language of the Change in Terms, Genese Lieberman simply could not have triggered the liability imposed by this Indemnification Clause, even if she really was bound to the Change of Terms by subsequently using the credit card. **In other words, finding (1) that Genese Lieberman is bound by the 2016 Change of Terms is very different than finding (2)** *that Genese Lieberman provided this phone number to Credit One*. That latter finding is the crucial

6

one, and one that was simply not found in the Arbitrator's award or in the parties' submissions to the Arbitrator.

For these reasons, it is respectfully submitted that the Arbitrator's decision to award fees and costs against Genese Lieberman must be vacated, as completely irrational. As the Arbitrator found, both the 2010 Cardholder Agreement and the 2016 Cardholder Agreements were mailed to Adam Lieberman's business address, after Mr. Lieberman opened the account without Genese Lieberman's knowledge. *See,* Exhibit A, at pages 11-12. Moreover, Genese Lieberman never provided any phone numbers to Credit One, the sole trigger for liability under the Indemnification Clause contained in the 2016 Change of Terms. Genese Lieberman thus cannot possibly be liable for violating an Indemnification Clause that she never agreed to, that she never received, and that she never violated.

The Arbitrator's Award against Genese Lieberman should also be vacated as it exceeded the Arbitrator's authority. Courts have vacated arbitral awards where the arbitrator's decision addressed issues not submitted to arbitration. *See e.g., Roadway Package Sys. Inc. v. Kayser*, 257 F.3d 287, 300-01 (3d Cir. 2001). After Mrs. Lieberman testified during the hearing, Credit One agreed to drop the four fraud counts it had brought against Mrs. Lieberman, conceding that Mrs. Lieberman was not responsible for the supposed "fraud." *See,* Hearing Transcript annexed as Exhibit D, page 329, lines 2-15. Instead, as confirmed in Credit One's post hearing brief, Credit One was only seeking in its remaining indemnification claim damages "IF MR. LIEBERMAN IS ALLOWED TO RECOVERY ANY DAMAGES FROM CREDIT ONE." *See,* Exhibit E, page 34. The thing is, Mr. Lieberman was *not* allowed to recover any damages from Credit One. The Arbitrator nonetheless decided to award Credit One's attorneys fees and costs against Genese

7

Lieberman, going over and above what Credit One had actually asked for, and thereby exceeding his authority.

### B. The Award Of Attorneys' Fees And Costs Against Adam Lieberman Should Also Be Vacated.

The Arbitrator was so convinced that Adam Lieberman committed fraud against Credit One that he neglected to articulate what, exactly, the fraud was or when it was committed. To wit, the Arbitrator framed Mr. Lieberman's fraud as (1) signing up his wife, Genese Lieberman, for a credit card <u>in 2010</u>, (2) providing his own phone number as the contact number to be called if there were any issues with the account, (3) keeping the payments on that account in good standing for the next six years, and then submitting two separate letters to Credit One <u>in 2017</u>, asking for the incessant calls to stop. As 'proof' that this was fraudulent, the Arbitrator pointed to the fact that Mr. Lieberman has similarly signed up his wife for other credit cards with other banks, and has similarly sued those banks when calls have been made to his cell phone.

But Mr. Lieberman did not sue Credit One for merely placing calls to a cell phone number he provided to Credit One **7 years earlier**. Indeed, Mr. Lieberman only sued Credit One for placing calls to that cell phone number after Credit One received his Letter, asking for the calls to stop. The Arbitrator correctly framed the elements of fraud under both New Jersey and Nevada law as:

> "(1) A false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false; (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance."

*See,* Exhibit A, at page 17.

The problem is, the facts of this case simply do not fit these elements, and the Arbitrator therefore made zero effort to try to link up these facts to these elements. For example, what is the

8

"false representation made by the defendant"? Is "the false representation" the phone number that Mr. Lieberman gave Credit One eleven years ago, in 2010, which was a good number on this account until 2017? Is "the false representation" the two Letters that Mr. Lieberman wrote to Credit One in 2017, asking for the calls to stop? Throughout the 20-page Award, the Arbitrator doesn't say. And at the Arbitration Hearing, *__Credit One couldn't say either__*.

At the Hearing, Credit One produced a single witness – its Assistant Vice President of Portfolio Services, Jeffrey Meek. At the Hearing, Mr. Meek was presented with the following timeline, which he agreed was accurate:

- 2010 – The credit card account is opened and the 2345 phone number is provided to Credit One Bank.

- August 22, 2016 – The Credit One Bank credit card account is closed.

- July 20, 2017 – Credit One calls Mr. Lieberman 10 times in one day.

- July 28, 2017 - Credit One receives the first Do-Not-Call Letter from Mr. Lieberman.

- August 29, 2017 – Credit One speaks to Mr. Lieberman after calling him 20 times over the preceding month. Mr. Lieberman then sends a second Do-Not-Call Letter to Credit One.

- September 6, 2017 – Credit One receives second Do-Not-Call Letter.

- September 11, 2017 – Credit One inputs a note into its account notes, stating "**Received request to stop communication and marketing offers from third party Adam Lieberman, husband of card member**".

- November 28, 2017 – Credit One continues to place 611 calls to Mr. Lieberman, stopping the calls only when they are served with the Arbitration Demand.

*See,* Exhibit D, page 330, line 18 – page 335, line 6.

9

After agreeing that this timeline was correct and accurate, Credit One's witness was asked a very simple question – where in this chain of events did Adam Lieberman defraud Credit One? Was it in 2010, when Mr. Lieberman opened the account for his wife? Was it in 2016, when Mr. Lieberman closed the account? Demonstrating that this entire 'fraud' theory was just a construct of aggressive lawyering with no substantive basis, Credit One's witness admitted that *he had no idea when this fraud allegedly happened:*

> Q. Here is a marker, where on this timeline did Adam defraud you? Was it in 2010? Was it in 2016? Where did he defraud Credit One?
> A. **I don't know**. I don't know anything other than what we've discussed here today about that particular case.
>
> Q. Well, Credit One is claiming that Adam has defrauded them; when did he defraud them?
> A. **I don't know any particular facts about that particular case**.
>
> Q. Who does?
> A. Not me, someone else at the bank.
> Q. They are not here, are they?
> A. They're not here but I don't have the answer that you're looking for.
>
> Q. Is anyone else from the bank showing up to testify about whether Adam defrauded them?
> A. Not that I know of. I didn't know this arbitration was related to that.

*See,* Exhibit D, page 335, line 8 – page 336, line 6.

Accusing someone of committing fraud is not something that should be done lightly. Actually finding someone guilty of committing fraud is similarly a very serious business, and is something which requires very specific facts and findings. But none of that exists here. The Arbitrator acknowledged that fraud requires a material misrepresentation which is justifiably relied on by the victim of the fraud, but then nowhere identifies what material misrepresentation was made by Adam Lieberman and resultingly relied on by Credit One. Credit One was similarly handed the floor at the Arbitration Hearing and asked point-blank to identify that material

10

misrepresentation, but they could not do so either. The plain and simple fact is, there is no fraud here, because there has been no material misrepresentation by Mr. Lieberman to anybody at Credit One Bank.

Mr. Lieberman did not defraud Credit One Bank in 2010 when he opened an account for his wife and provided his phone number as a contact number. It is undisputed, that this phone number was on the credit card account without issue for the duration of the account's six-year lifespan, until the account was shut in August of 2016. The phone number remained a good contact number for nearly a full year after that account closed, until the 10-calls-a-day routine started becoming onerous and Mr. Lieberman wrote a letter to Credit One asking for the calls to stop.

Mr. Lieberman did not defraud Credit One Bank in 2017 when he wrote two Letters telling Credit One to stop calling. Credit One was very much aware that it was being asked to stop calling, because its Account Notes specifically reflect a notation "Received request to stop communication and marketing offers from third party Adam Lieberman, husband of card member".

Mr. Lieberman did not defraud Credit One Bank by filing suit under the TCPA after the Bank ignored his two Letters asking for the calls to stop. While the Arbitrator apparently believed that Mr. Lieberman "could have simply discontinued the calls for which he has instituted suit by alerting Respondent's representative on his July 13, 2017 phone call that he wanted his cellphone number deleted", that is directly contrary to Credit One's 2016 Change in Terms, *which specifically amended the Cardholder Agreement to provide that any requests to stop calls must be made in writing*. More to the point, Mr. Lieberman did not make any material misrepresentation on that July 13, 2017 phone call. Instead, he immediately issued a Letter to Credit One asking for the calls to stop, which Credit One received two weeks later, on July 28, 2017. There was no fraud here, and the Arbitrator's finding to the contrary is without a basis in the record.

11

## CONCLUSION

In this case, the Arbitrator erred when he meted out his own brand of justice rather than applying the facts to the law. The Arbitrator's Award as to Genese Lieberman is plainly irrational, where the Arbitrator repeatedly found that Genese did *not* provide a phone number to Credit One Bank, while at the same time requiring her to indemnify Credit One for providing a phone number to Credit One. The Arbitrator's Award should similarly be vacated as to Adam Lieberman, where the Arbitrator simply accepted Credit One's fraud narrative despite Credit One's demonstrated inability to establish how and when Mr. Lieberman ever defrauded Credit One Bank.

For these reasons, Credit One's Motion to Confirm the Arbitration Award should be denied in its entirety, and the Cross-Motion to Vacate the Arbitration Award should be confirmed in its entirety.

Dated: March 1, 2021

                        **MARCUS & ZELMAN, LLC**

                        By:  /s/ Yitzchak Zelman
                        Yitzchak Zelman, Esq.
                        Ari H. Marcus, Esq.
                        701 Cookman Avenue, Suite 300
                        Asbury Park, New Jersey 07712
                        Phone:       (732) 695-3282
                        *Attorney for the Respondents*
                        *Adam Lieberman and Genese Lieberman*