NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CREDIT ONE BANK, N.A.,

              Petitioner,

       v.

ADAM LIEBERMAN and GENESE
LIEBERMAN,

              Respondents.

Civ. No. 21-2923

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Petition and Motion to Confirm Arbitration Award filed by Credit One Bank, N.A. ("Credit One") (ECF. No. 2) and the Cross-Motion to Vacate Arbitration Award filed by Respondents Adam and Genese Lieberman (collectively, the "Liebermans") (ECF No. 3). The Court has decided the Motions based on the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Credit One's Petition and Motion to Confirm Arbitration Award are granted, and the Liebermans' Cross-Motion to Vacate is denied.

## BACKGROUND

### I.    Factual Background

This case arises from a credit card company's attempt to collect on a cardholder's outstanding debt. In 2010, Respondent Adam Lieberman ("Mr. Lieberman") opened a credit card

(the "Card") in his wife's name. (Corrected Final Award ("Award") at 11, Pet'r's Ex. 1, ECF No. 1-3.) On the application, Mr. Lieberman listed his wife, Respondent Genese Lieberman ("Mrs. Lieberman") as the cardholder, his work address as the cardholder's address, and his phone number as the cardholder's phone number. (*Id.*) He listed Mrs. Lieberman's social security number and date of birth. (*Id.*) Mr. Lieberman also signed an agreement outlining the terms and conditions of the Card (the "Cardholder Agreement"). (*Id.* at 11–12.) The Cardholder Agreement contains an Arbitration Agreement. (Cardholder Agreement at 5, Pet'r's Ex. 2, ECF No. 1-4.) It also contains an Indemnification Provision, which was added to the Cardholder Agreement through a "Change in Terms" issued in 2016. (Cardholder Agreement Addendum at 2, Pet'r's Ex. 2, ECF No. 1-4; Resp'ts' Br. at 4, ECF No. 3-1.)

Eventually, the outstanding balance on the Card went into default. (Award at 12.) Credit One attempted to collect on the debt by calling the number associated with the Card over 600 times, often as many as ten times per day. (*Id*. at 6.)

## II.     Arbitration Award

On November 12, 2017, Mr. Lieberman initiated arbitration against Credit One for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. (Award at 6.) Mr. Liberman claimed that Credit One placed hundreds of phone calls to him without his consent using an automatic telephone dialing system. (*Id.*) He also alleged that Credit One's phone calls constituted unlawful harassment under New Jersey law, N.J. Stat. Ann. § 2C:33-4(a)(c). (Award at 6.) Credit One filed a counterclaim against Mr. Lieberman for fraud and declaratory relief, and a cross-complaint against Mrs. Lieberman for breach of contract, negligence, fraud, negligent misrepresentation, and declaratory relief and indemnification. (*Id.* at 3–4.) Credit One later dropped some of their crossclaims against Mrs. Lieberman and opted only

to pursue claims for declaratory relief and indemnification. (*See id*. at 10–11, 19.) On January 22 and 23, 2020, an arbitration hearing was conducted before the Honorable Ariel E. Belen (Ret.) (the "Arbitrator"). (*Id.* at 3.) Later, the parties submitted post-hearing briefs and the Arbitrator heard additional oral argument. (*Id.* at 5.) In its Post-Hearing brief, Credit One sought "the costs and reasonable attorneys' fees that it ha[d] incurred defending Mr. Lieberman's . . . claim." (Pet'r's Post-Hr'g Br. at 2, ECF No. 3-7.)

On January 14, 2021, the Arbitrator issued a Corrected Final Award (the "Award"). (ECF No. 1-3.) The Arbitrator dismissed Mr. Lieberman's TCPA claims against Credit One, entered judgment in favor of Credit One on Credit One's counterclaims against Mr. Lieberman, and entered judgment in favor of Credit One on Credit One's crossclaims against Mrs. Lieberman. (Award at 19–20.) The Arbitrator awarded Credit One attorneys' fees, arbitral expenses, and costs in the amount of $286,064.62. (*Id.* at 20.)

## III.   Post-Arbitration Motions

On February 18, 2021, Credit One filed a Petition and Motion to Confirm Arbitration Award in this Court. (ECF Nos. 1, 2.) On March 1, 2021, the Liebermans filed a Cross-Motion to Vacate the Arbitration Award. (ECF No. 3.) Credit One filed a Reply. (ECF No. 6.) Credit One's Petition and Motion and the Liebermans' Cross-Motion are presently before the Court.

## **LEGAL STANDARD**

Within one year after the entry of an arbitration award, "any party to the arbitration may apply to [a district court in the district where the award was made] for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. An arbitration award is subject to vacatur on four exclusive grounds: (1) "where the award was procured by corruption, fraud, or undue means"; (2) "where there was

evident partiality or corruption in the arbitrators"; (3) "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

"There is a strong presumption under the [Federal Arbitration Act ("FAA")] in favor of enforcing arbitration awards." *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 241 (3d Cir. 2005). Courts will vacate an award only under the "exceedingly narrow circumstances" listed in 9 U.S.C. § 10(a). *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 251 (3d Cir. 2013). The moving party "bears the burden of proving that the arbitration award at issue should be vacated." *Jersey Shore Univ. Med. Ctr. v. Local 5058, Health Prof'ls & Allied Emps.*, 2017 WL 1025180, at *3 (D.N.J. Mar. 16, 2017) (citation omitted).

<u>**DISCUSSION**</u>

I.    **Genese Lieberman**

The Liebermans move to vacate the Award against Genese Lieberman as "completely irrational and inherently contradictory." (Resp'ts' Br. at 2.) The Liebermans identify two bases for vacatur: that the Arbitrator displayed "manifest disregard of the law," and that the Arbitrator exceeded his powers in violation of 9 U.S.C. § 10(a)(4). (*Id.* at 3.)

A.    *Manifest Disregard of the Law*

"[T]he judicially created 'manifest disregard of the law' [doctrine] . . . allows a district court to vacate an arbitration award that evidences manifest disregard of the law rather than an erroneous interpretation." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (internal

4

quotation marks omitted). The term "manifest disregard" means

> more than error or misunderstanding with respect to the law. The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term "disregard" implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it[.]

*Bender v. Smith Barney, Harris Upham & Co., Inc.*, 901 F. Supp. 863, 870 (D.N.J. 1994), *aff'd*, 67 F.3d 291 (3d Cir. 1995). The scope of the doctrine is "exceedingly narrow," *id.*, and the doctrine "is to be used only [in] those exceedingly rare circumstances where some egregious impropriety on the part of the arbitrator is apparent, but where none of the [vacatur] provisions of the [FAA] apply," *Black Box Corp. v. Markham*, 127 F. App'x 22, 25 (3d Cir. 2005) (internal quotation marks omitted).

The Supreme Court's decision in *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576 (2008), placed the status of the "manifest disregard of the law" doctrine in question. In that case, the Supreme Court held that § 10(a) of the FAA provides the "exclusive grounds" for vacatur of an arbitration award under the FAA. *Id.* at 584. Since that ruling, a circuit split has emerged regarding the survival of the doctrine: the "Second, Fourth, and Ninth Circuits have found that it continues to exist as a 'judicial gloss' under § 10(a)(4)," while the "Fifth, Eighth, and Eleventh Circuits have concluded that, . . . [it] no longer survives because it is not enumerated in the FAA." *Caputo v. Wells Fargo Advisors, LLC*, 2020 WL 2786934, at *3 (D.N.J. May 29, 2020) (collecting cases). The Third Circuit has not yet decided the issue. *See Simoni v. Diamond*, 835 F. App'x 660, 662 (3d Cir. 2020) ("[T]hough we have previously recognized ['manifest disregard of the law'] challenges, we have not decided whether this ground survives the Supreme Court's decision in *Hall Street Associates* . . . . We need not decide that issue today."); *see also Transcon. Gas Pipe Line Co LLC v. Permanent Easement for 2.59*

*Acres*, 834 F. App'x 752, 761 n.13 (3d Cir. 2020).

After *Hall Street,* some courts in this district have declined to consider "manifest disregard of the law" arguments. *See Indep. Lab'y Emps.' Union, Inc. v. ExxonMobil Rsch. & Eng'r Co.*, 2019 WL 3416897, at *14 (D.N.J. July 29, 2019), *appeal filed*, No. 18-10835 (3d Cir. Sept. 4, 2019) (finding that "manifest disregard of the law" is "no longer an independent basis for vacating an arbitration award but is instead merely a judicial shorthand for the enumerated justifications for vacatur in FAA § 10(a)"); *Andorra Servs. Inc.* v. *M/T EOS*, 2008 WL 4960449, at *2 (D.N.J. Nov. 20, 2008) (holding that "[s]ince the Supreme Court has recently held that FAA §§ 9–11 provide the exclusive grounds for expedited vacatur and modification . . . the Court limits its review to those statutory grounds") (internal citations and quotation marks omitted). Other courts in this district have presumed, "in the absence of more specific guidance from the Third Circuit . . . that these extra-FAA mechanisms continue to exist as a basis for vacatur after *Hall Street*[.]" *See Caputo*, 2020 WL 2786934, at *3; *see also Luciano v. Tchrs. Ins. & Annuity Ass'n of Am.*, 2021 WL 1663712, at *2–3 (D.N.J. Apr. 28, 2021) (considering defendants' "manifest disregard of the law" vacatur arguments).

Based on the Supreme Court's language in *Hall Street*, it appears that "manifest disregard of the law" is no longer an independent basis for vacating an arbitration award. *See Indep. Lab'y Emps.' Union*, 2019 WL 3416897, at *14. Nevertheless, even if the Court considers the Liebermans' "manifest disregard of the law" arguments, this case is not one of the "exceedingly rare circumstances," where the doctrine would apply. *See Black Box Corp.*, 127 F. App'x at 25.

The Liebermans argue that the Arbitrator disregarded the law when he applied the Indemnification Provision to Mrs. Lieberman and awarded Credit One attorneys' fees. (Resp'ts' Br. at 5–6.) The Indemnification Provision reads: "if you provide telephone number(s) for which

6

you are not the subscriber, you understand that you shall indemnify us for any costs and expenses, including reasonable attorneys' fees, incurred as a result of us attempting to contact you at the number(s)." (Cardholder Agreement Addendum at 2.) The Liebermans contend that only Mr. Lieberman can be bound by this Provision, because Mr. Lieberman, not Mrs. Lieberman, provided the telephone number to Credit One. (Resp'ts' Br. at 5.)

The Arbitrator did not manifestly disregard the law. The Cardholder Agreement defines the words "you," "your," and "Cardholder(s)" as "all persons, *jointly and severally*, authorized to use the Card Account." (Cardholder Agreement at 2 (emphasis added).) Mrs. Lieberman was authorized to use, and actually used, the account. (*See* Award at 19; Pet'r's Post-Hr'g Br. at 4.) Thus, the Arbitrator's conclusion that Mrs. Lieberman was bound by and liable under the Indemnification Provision is grounded in the language of the Cardholder Agreement and did not constitute an "obvious" error or an "egregious impropriety." *See Black Box Corp.*, 127 F. App'x at 25; *see also Tanoma Min. Co., Inc. v. Loc. Union No. 1269, United Mine Workers of Am.*, 896 F.2d 745, 748–49 (3d Cir. 1990) (reversing a district court's vacatur order when, "[a]lthough the support is slender, the record reveals some basis for the arbitrator's conclusion," and even though arbitrator's understanding of the law "was somewhat hazy, he was attempting to apply the legal principles as he understood them").

B.      *Section 10(a)(4) of the Federal Arbitration Act*

Section 10(a)(4) "permits courts to vacate an arbitral decision only when the arbitrator strayed from his delegated task of interpreting a contract, not when he performed that task poorly." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 572 (2013). The arbitrator must act "outside the scope of his contractually delegated authority—issuing an award that simply reflect[s] [his] own notions of [economic] justice rather than draw[ing] its essence from the

7

contract." *Id.* at 569 (internal quotation marks omitted). "[I]f an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (internal quotation marks omitted).

The Liebermans argue that the Arbitrator exceeded his authority when he found Mrs. Lieberman liable under the Indemnification Provision. (Resp'ts' Br. at 5.) Specifically, they argue that the Arbitrator contravened § 10(a)(4) by "blatantly ignor[ing] the plain terms" of the Indemnification Provision and by awarding Credit One attorneys' fees and costs against Mrs. Lieberman when such issues were "not submitted to arbitration." (*Id.* at 5, 7.)

The Court concludes that the Arbitrator was "arguably construing or applying the contract and acting within the scope of his authority." *See Garvey*, 532 U.S. at 509. First, as discussed, the Arbitrator found that although Mrs. Lieberman did not provide the phone number to Credit One, she was bound by the Indemnification Provision because she was authorized to use and actually used the card. (Award at 18–19.) The Arbitrator's conclusion is arguably supported by the language of the Cardholder Agreement and did not "stray[] from interpretation and application of the [Cardholder Agreement]" so as to "effectively dispense [the Arbitrator's] own brand of industrial justice." *See Garvey*, 532 U.S. at 509 (internal quotation marks omitted). Rather, the Arbitrator looked at the plain language of the Indemnification Provision in the context of the Cardholder Agreement as a whole and explained that Mrs. Lieberman's use of the card brought her within the purview of the Provision. (*See* Award at 18–19.)

The Liebermans' reliance on *PMA Capital Insurance Co. v. Platinum Underwriters Bermuda, Ltd.,* 659 F. Supp. 2d 631 (E.D. Pa. 2009), *aff'd*, 400 F. App'x 654 (3d Cir. 2010), is

8

unavailing. (*See* Resp'ts' Br. at 3.) In that case, the arbitrators re-wrote the contract between the parties by ordering that specific language be removed. *See id.* at 635 ("[A]ny and all references to a 'deficit carry forward' in the [2003 Agreement will be] removed from the contract."). Because a re-written contract was not sought by either party and "contravene[d] the contract the [arbitration panel] was charged with interpreting," the court concluded that the arbitrators had exceeded their powers under § 10(a)(4). *Id.* at 635–36. No such "re-writing" of the contract occurred here. As explained, the Arbitrator based his conclusion on the language of the Indemnification Provision as read in the context of the entire Cardholder Agreement.

Second, the Arbitrator did not exceed his authority by awarding attorneys' fees against Mrs. Lieberman when Credit One did not seek such relief. The Indemnification Provision, which the Arbitrator found Mrs. Lieberman bound by, covers "any costs and expenses, *including reasonable attorneys' fees*, incurred as a result of us contacting or attempting to contact you at the number(s)." (Cardholder Agreement Addendum at 2 (emphasis added).) The Cardholder Agreement also provides that "[t]he arbitrator will have the power to award to a party any damages or other relief provided for an individual claim under applicable law[.]" (*Id.* at 8.) Moreover, under the Rules governing this Arbitration, "[t]he [a]ward of the [a]rbitrator may allocate attorneys' fees and expenses and interest . . . if provided by the [p]arties' [a]greement or allowed by applicable law." Rule 24(g), JAMS Comprehensive Arbitration Rules & Procedures (2014) https://www.jamsadr. com/files/ Uploads/Documents/JAMSRules/JAMS_comprehensive _arbitration_rules-2014.pdf. Therefore, because the Arbitrator acted within the scope of the Cardholder Agreement, the Arbitrator did not exceed his authority by granting Credit One attorneys' fees against Mrs. Lieberman.

The Liebermans' arguments to the contrary are unpersuasive. The Liebermans cite

*Roadway Package System, Inc. v. Kayser*, 257 F.3d 287 (3d Cir. 2001) in support of their

assertion that an arbitrator may not decide issues that were not raised by the parties. (Resp'ts' Br.

at 7.) However, the agreement to arbitrate in *Roadway Package* cabined the arbitrator's authority

to a specific issue—whether the termination of an independent contractor was within the terms of

the underlying contract between the parties. *Id.* at 300. The court in that case found that when the

arbitrator based its conclusion on issues outside of the scope of the agreement, he exceeded his

powers. *Id.* Here, by contrast, the Arbitration Agreement covers "any controversy or dispute"

between the parties and gives the Arbitrator "the power to award to a party any damages or other

relief provided for an individual claim under applicable law." (Cardholder Agreement

Addendum at 5, 8.)

Accordingly, the Liebermans' Motion to Vacate as to the Award as to Mrs. Lieberman is

denied.

## II.   Adam Lieberman

The Liebermans also move to vacate the Award against Mr. Lieberman. The Liebermans

do not point to a specific provision of 9 U.S.C. § 10(a) as the basis for their Motion. (*See*

Resp'ts' Br. at 8–11.) Instead, they make common-sense arguments about the sufficiency of the

Arbitrator's explanations and conclusions. (*See id.* at 8–9.) For example, Mr. Lieberman argues

that, although the Arbitrator framed the legal elements of fraud correctly, he "made zero effort to

try to link up" the facts to the law. (*Id.* at 8.)

The Liebermans cannot ask the Court to review the conclusions of the Arbitrator for legal

error or insufficiency of explanation, but must point to a specific provision in § 10(a) that

justifies vacatur and explain how the provision applies. *See Whitehead v. Pullman Grp., LLC*,

811 F.3d 116, 117 (3d Cir. 2016) (explaining that "legal error alone is not a sufficient basis to

10

vacate the results of an arbitration"). They have not done so here. The Liebermans also do not argue that the Award against Mr. Lieberman constituted "manifest disregard of the law," nor do they identify any other viable grounds for vacatur. (*See* Resp'ts' Br. at 8–11.) Because it is not this Court's role to "hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts," *Tanoma Min. Co.*, 896 F.2d at 747, the Liebermans' Motion to Vacate the Arbitration Award against Mr. Lieberman is denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Credit One's Petition and Motion to Confirm Arbitration Award (ECF Nos. 1, 2) are granted. The Liebermans' Motion to Vacate Arbitration Award (ECF No. 3) is denied. An appropriate Order will follow.

Date: <u>August 4, 2021</u>                    */s/ Anne E. Thompson*
                                        ANNE E. THOMPSON, U.S.D.J.

11