NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CREDIT ONE BANK, N.A., <br><br> Petitioner, <br><br> v. <br><br> ADAM LIEBERMAN and GENESE LIEBERMAN, <br><br> Respondents. | Civ. No. 21-2923 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

# INTRODUCTION

This matter comes before the Court upon the Motion to Amend/Correct Judgment filed by Credit One Bank, N.A. ("Credit One"). (ECF. No. 13). Adam and Genese Lieberman (collectively, the "Liebermans") oppose. (ECF No. 16). The Court has decided the Motion based on the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Credit One's Motion is granted.

# BACKGROUND

**I.    Factual Background**

The Court repeats the following facts from its earlier Opinion on the Motion to Confirm Arbitration Award. (Confirmation Op., ECF No. 9.) This case arises from a credit card company's attempt to collect on a cardholder's outstanding debt. In 2010, Respondent Adam Lieberman ("Mr. Lieberman") opened a credit card (the "Card") in his wife's name. (Corrected

1

Final Award ("Award") at 11, Pet'r's Ex. 1, ECF No. 1-3.) On the credit card application, Mr. Lieberman listed his wife, Respondent Genese Lieberman ("Mrs. Lieberman") as the cardholder, his work address as the cardholder's address, and his phone number as the cardholder's phone number. (*Id.*) He listed Mrs. Lieberman's social security number and date of birth. (*Id.*) Mr. Lieberman also signed an agreement outlining the terms and conditions of the Card (the "Cardholder Agreement"). (*Id.* at 11–12.) The Cardholder Agreement contains an Arbitration Agreement. (Cardholder Agreement at 5, Pet'r's Ex. 2, ECF No. 1-4.) It also contains an Indemnification Provision, which was added to the Cardholder Agreement in 2016. (Cardholder Agreement Addendum at 2, Pet'r's Ex. 2, ECF No. 1-4; Resp'ts' Br. at 4, ECF No. 3-1.)

Eventually, the outstanding balance on the Card went into default. (Award at 12.) Credit One attempted to collect on the debt by calling the number associated with the Card over 600 times, often as many as ten times per day. (*Id.* at 6.)

## II. Arbitration Award

On November 12, 2017, Mr. Lieberman initiated arbitration against Credit One for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. (Award at 6.) Mr. Lieberman claimed that Credit One placed hundreds of phone calls to him without his consent using an automatic telephone dialing system. (*Id.*) He also alleged that Credit One's phone calls constituted unlawful harassment under New Jersey law, N.J. Stat. Ann. § 2C:33-4(a)(c). (Award at 6.) Credit One filed a counterclaim against Mr. Lieberman for fraud and declaratory relief, and a cross-complaint against Mrs. Lieberman for breach of contract, negligence, fraud, negligent misrepresentation, and declaratory relief and indemnification. (*Id.* at 3–4.) Credit One later dropped some of their crossclaims against Mrs. Lieberman and opted only to pursue claims for declaratory relief and indemnification. (*See id*. at 10–11, 19.) On January 22

and 23, 2020, an arbitration hearing was conducted before the Honorable Ariel E. Belen (Ret.) (the "Arbitrator"). (*Id.* at 3.) Later, the parties submitted post-hearing briefs and the Arbitrator heard additional oral argument. (*Id.* at 5.) In its post-hearing brief, Credit One sought "the costs and reasonable attorneys' fees that it ha[d] incurred defending Mr. Lieberman's . . . claim." (Pet'r's Post-Hr'g Br. at 2, ECF No. 3-7.)

On January 14, 2021, the Arbitrator issued a Corrected Final Award (the "Award"). (ECF No. 1-3.) The Arbitrator dismissed Mr. Lieberman's TCPA claims against Credit One, entered judgment in favor of Credit One on Credit One's counterclaims against Mr. Lieberman, and entered judgment in favor of Credit One on Credit One's crossclaims against Mrs. Lieberman. (Award at 19–20.) The Arbitrator awarded Credit One attorneys' fees, arbitral expenses, and costs in the amount of $286,064.62. (*Id.* at 20.)

### III. Post-Arbitration Motions

On February 18, 2021, Credit One filed a Petition and Motion to Confirm Arbitration Award in this Court. (ECF Nos. 1, 2.) On March 1, 2021, the Liebermans filed a Cross-Motion to Vacate the Arbitration Award. (ECF No. 3.) Credit One filed a Reply. (ECF No. 6.) The Parties participated in a settlement conference on June 22, 2021. (ECF No. 8.) On August 4, 2021, the Court granted Credit One's Motion to Confirm and denied the Liebermans' Cross-Motion. (ECF No. 9.) The Court confirmed the judgment awarded by the Arbitrator in favor of Credit One and against the Liebermans in the amount of $286,064.62. (ECF No. 12.)

On September 9, 2021, Credit One filed a Motion to Amend/Correct the Judgment. ("Mot.", ECF No. 13.) In addition to the attorney's fees awarded by the Arbitrator, Credit One seeks an award of fees, costs, and expenses incurred in connection with its efforts to confirm the arbitration award in this Court. (Mot. at 1.) The Liebermans opposed. ("Opp'n", ECF No. 16.)

Credit One replied. ("Reply", ECF No. 17.) The Motion to Amend/Correct the Judgment to include the additional attorney's fees is presently before the Court.

## LEGAL STANDARD

"New Jersey follows the 'American Rule,' which requires litigants to bear their own litigation costs, regardless of who prevails. *Kamienski v. State, Dep't of Treasury*, 451 N.J. Super. 499, 521 (App. Div. 2017) (citing to *Innes v. Marzano–Lesnevich*, 224 N.J. 584, 592 (2016)). However, the prevailing party may recover attorney's fees if "'they are expressly provided for by statute, court rule, or contract.'" *Id.* (quoting *Packard–Bamberger & Co. v. Collier*, 167 N.J. 427, 440 (2001)).

## DISCUSSION

Credit One requests that the Court amend the judgment to include an additional $73,884.07 for a total of $359,948.69. (Mot. at 7.) The $73,884.07 consists of $72,685.50 in attorneys' fees and $1,198.57 in costs incurred during post-arbitration proceedings. (*Id.*)

The Cardholder Agreement requires the Liebermans to indemnify Credit One for costs related to post-arbitration proceedings. The indemnification provision states: "If you provide telephone number(s) for which you are not the subscriber, you understand that you shall indemnify us for any costs and expenses, including reasonable attorneys' fees, incurred as a result of us contacting or attempting to contact you at the number(s)." (Ex. A at 60, ECF No. 13-3.) Pursuant to this clause, the Arbitrator already found Mrs. Lieberman liable to Credit One for counsel fees and costs in connection with the arbitration. (Award at 18–20.) This Court will do

the same, and award Credit One fees and costs related to these post-arbitration proceedings.[1]

The Liebermans do not contest that the Cardholder Agreement requires them to indemnify Credit One. (*See* Opp'n at 1–4.) Rather, the Liebermans argue that the fees, costs, and expenses requested are unreasonable, specifically that Credit One's attorneys charged an unreasonable amount for various legal tasks and that the time spent per task was exaggerated. (*Id.*)

"A reasonable fee is one which is 'adequate to attract competent counsel, but which does not produce windfalls to attorneys.'" *See Public Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995); *Local Union No. 1992 v. Okonite Co.*, 34 F.Supp.2d 230, 234 (D.N.J. 1998). The starting point for determining the reasonableness of a fee is to calculate the "lodestar amount." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is the number of hours reasonably expended multiplied by a reasonable hourly rate. *See id.*

Credit One argues that its application for fees, costs, and expenses in this case is reasonable. (Mot. at 5.) For example, Credit One argues that the actual work performed totaled to $82,065.00 but the outside counsel reduced this amount by 23.9 billable hours. (*Id.*) Similarly, the amount of costs and expenses billed to Credit One was $8,393.14, which was reduced to $1,198.57. (*Id.*) To prove that the time spent was reasonable, Credit One provided detailed time entries for each task performed by counsel during the post-arbitration proceedings. (*See* Soven Decl., ECF No. 13-3.) To prove that the fees charged were reasonable, Credit One provides a

---

[1] Credit One discusses that another basis for awarding attorney's fees would be Nevada law, which directs that fees and costs would be paid in connection with judicial proceedings confirming an arbitration award. (Mot. at 3–4.) However, the Court need not rely upon Nevada law because the language in the agreement of the parties—as relied upon by the arbitrator—sufficiently supports an award here.

consumer law survey report that shows average market rates of between $350 and $613 per hour for the type of work performed in this case. (*See* Ex. B at 126, ECF No. 13-4.) According to Credit One, its attorneys charged between $410 and $545 per hour and its paralegals were billed at $285 per hour. (Soven Decl. ¶ 9.) These rates are well within the range for experienced attorneys in this field completing similar work.

The Court finds that the counsel for Credit One did a very professional job in this case, successfully arguing against the Liebermans' opposition and obtaining judgment. After a thorough review of the records submitted by the parties, the Court has determined that it is reasonable to grant Credit One's request in full. The judgment will be amended to reflect a new total of $359,948.69, which includes the requested additional attorneys' fees and costs.

## **CONCLUSION**

For the foregoing reasons, Credit One's Motion to Amend/Correct Judgment (ECF No. 13) is granted. An appropriate Order will follow.

Date: <u>April 12, 2022</u>  */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.