UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CREDIT ONE BANK, N.A. | : | |
| | : | CIVIL ACTION NO. 3:21-cv-02923 |
| Petitioner, | : | |
| | : | |
| Vs. | : | |
| | : | **CREDIT ONE BANK, N.A.'S** |
| ADAM LIEBERMAN AND | : | **BRIEF IN SUPPORT OF ITS** |
| GENESE LIEBERMAN, | : | **MOTION TO COMPEL** |
| | : | **COMPLIANCE WITH COURT** |
| Respondents. | : | **ORDER** |

## INTRODUCTION

On April 19, 2022, this Court denied Respondents Adam Lieberman and Genese Lieberman ("Respondents") motion to quash the post-judgment discovery requests of Petitioner Credit One Bank, N.A. ("Credit One") (the "Order"). (ECF No. 34). The Court further ordered the Liebermans to respond to Credit One's outstanding discovery requests by no later than May 3, 2022 and ordered the Liebermans to appear for a deposition no later than May 17, 2022 (*Id.*).

The Liebermans are in violation of the Order for their failure to respond to Credit One's outstanding discovery requests and will not agree to appear for the deposition. Instead, the Liebermans filed an appeal and a motion to stay all of Credit One's efforts to discover assets and collect on the judgment. The only reason offered by the Liebermans to stay this matter is the "undue burden" associated with disclosing their assets and sources of revenue.

Credit One now brings this Motion to force the Liebermans to comply with the Order. Among other reasons, Credit One is concerned that the Liebermans transferred or are in the process of transferring assets to avoid collection of the judgment. An order holding the Liebermans in contempt and imposing sanctions is appropriate to force the Liebermans to provide the discovery

and testimony Credit One requested over seven months ago. The Court should also deem waived any objections that the Liebermans may now seek to assert to the discovery requests.

Finally, the Liebermans should be required to post a bond in the amount of $750 pursuant to Fed. R. App. P. 7 to ensure payment of costs on appeal, and the Court should enjoin the Liebermans from seeking further relief in this Court unless and until they file a bond as security and pursuant to Fed. R. App. P. 8 for the full amount of the underlying judgment so that Credit One is not forced to continue to incur fees to respond to the Liebermans' frivolous motions while the appeal is pending.

## BACKGROUND

On August 12, 2021, the Court confirmed Credit One's arbitration award and entered a $286,064.62 judgment against the Liebermans based on the fraud which they perpetrated against Credit One. (ECF No. 12). On September 9, 2021, Credit One moved to amend the judgment to include the counsel fees and costs associated with having the judgment confirmed. (ECF No. 13). In October 2021, Credit One served discovery and noticed depositions in aid of discovering assets pursuant to Fed. R. Civ. P. 69. (ECF No. 34 at 1). Shortly thereafter, the Liebermans' counsel sought to withdraw, which was promptly granted. (*Id.*). The Liebermans then tried to use the pendency of the Credit One's motion to amend the judgment as the basis for not appearing at depositions and responding to the asset discovery served by Credit One in October 2021. (ECF No. 22). Judge Arpert allowed the Liebermans approximately 60 days to hire new counsel and ordered that discovery would resume on January 10, 2022, regardless of whether counsel was retained. (ECF No. 24). The Liebermans did not obtain new counsel and shortly before the expiration of the stay, on January 6, 2022, the Liebermans moved to quash the pending discovery and again tried to use the pendency of the Credit One's motion to amend the judgment as the basis

#157657436_v1

for not appearing at depositions and for not responding to the asset discovery served by Credit One in October 2021. (ECF No. 28 ). On April 12, 2022, Judge Thompson entered an order granting Credit One's Motion to Amend/Correct Judgment to reflect a new of $359,948.69. (ECF No. 33).

On April 19, 2022, Judge Arpert denied the Liebermans' motion to quash the discovery, finding that the Liebermans "have offered nothing but unsubstantiated allegations of "annoyance, embarrassment, oppression, harassment and undue burden and expense" which was "not sufficient to establish good cause for entry of a Protective Order." (ECF No. 34). Judge Arpert further ordered the Liebermans to respond to Credit One's discovery requests no later than May 3, 2022, and to appear for a deposition no later than May 17, 2022. (*Id.*)

In early May 2022, having not timely received discovery responses from the Liebermans, counsel for Credit One attempted to meet and confer with the Liebermans responses on multiple occasions. *See* Declaration of Andrew Soven at 3, attached hereto as Exhibit A (the "Soven Decl."). Rather than respond to the requests, the Liebermans provided a few documents purporting to show their *debts* and asked Credit One to release them from the judgment entirely. (*Id.*) The Liebermans did not provide a single document showing current assets or income. (*Id.*). Counsel asked Mr. Lieberman to complete a simple personal financial statement to potentially reduce the burden associated with discovery and sent Mr. Lieberman an appropriate form. Mr. Lieberman refused. (*Id.*).

To date, in violation of this Court's order, the Liebermans have failed to respond to Credit One's discovery requests. Nor have the Liebermans asserted any objections to the requests. (*Id.*). The Liebermans do not intend to appear for their depositions noticed for May 17, 2022, as they would not confirm to counsel that they will be present, and as is further evidenced by their Motion to Stay Pending Appeal. (Soven Decl. at 3; ECF No. 38).

#157657436_v1

To date, the Liebermans have not posted a supersedeas bond pursuant to Fed. R. Civ. P. 62(b) and the case is not stayed.

## LEGAL ARGUMENT

Credit One respectfully requests that the Court enter an order holding the Liebermans in contempt and imposing sanctions of $100 per day until the Liebermans come into compliance with the Court's Order. Credit One also respectfully requests that the Court award Credit One $2,500 for its attorneys' fees for these contempt proceedings, and further requests the Court deem as waived any objections that the Liebermans may now seek to assert to the discovery requests, particularly since the Liebermans were given many opportunities over the past seven months and failed to do so. The Court should also require the Liebermans to post a bond in the amount of $750 pursuant to Fed. R. App. P. 7 to ensure payment of costs on appeal, and the Court should enjoin the Liebermans from seeking further relief in this Court unless and until they file a bond as security and pursuant to Fed. R. App. P. 8 for the full amount of the underlying judgment so that Credit One is not forced to continue to incur fees to respond to the Liebermans' frivolous motions while the appeal is pending.

**I.     The Liebermans are in Contempt of the Court's Order Dated April 19, 2022.**

The Court should hold the Liebermans in contempt for failing to comply with the Court's Order requiring that the Liebermans failed to respond to Credit One's discovery requests by May 3, 2022.

Proof of contempt requires a movant to demonstrate "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *F.T.C. v. Lane Labs- USA, Inc.*, 624 F.3d 575, 582 (3rd Cir. 2010).

Here, on April 19, 2022, a valid order of the Court was entered requiring the Liebermans to respond to Credit One's discovery requests no later than 14 days from the date of the Order (May 3, 2022), and required that the Liebermans appear for a deposition no later than 28 days from the date of the order (May 17, 2022). (ECF No. 34). Mr. Lieberman consented to receive documents and notices of electronic filings via the Court's electronic filing system. (ECF No. 26). Notice of the Order was given to all parties on April 19, 2022. (ECF No. 34). To date, the Liebermans have not objected or otherwise responded to Credit One's discovery requests. *See* Soven Decl. at 5. The Liebermans have therefore disobeyed the Court's Order.

For these reasons, the Court should hold the Liebermans in contempt for failure to comply with the Court's April 19, 2022 Order (ECF No. 34) even though they are well aware that discovery in aid of execution and execution efforts are not stayed merely because the debtor files an appeal.

## II. The Court Should Enter Sanctions Against the Liebermans for Failing to Comply with the April 19, 2022 Order.

Given the Lieberman's blatant non-compliance with the Court's Order and the risk that the Liebermans moved or are in the process of moving assets to avoid paying the judgment, Credit One asserts that it is necessary for the Court to enter sanctions against the Liebermans to force compliance with the Court's Order. In similar circumstances, Courts have awarded monetary sanctions in the amount of $100 per day until compliance is achieved, along with attorneys' fees incurred for the contempt proceedings. The Court should do the same here. The Liebermans apparently have assets as they did not ask the Third Circuit to waive filing fees when they filed their appeal.

This Court maintains jurisdiction to rule on discovery issues in aid of execution after an appeal is filed where the judgment is not superseded. *See, e.g., Shelton v. FCS Cap. LLC*, No. 2:18-CV-03723-JDW, 2020 WL 4196211, at *1 (E.D. Pa. July 21, 2020); *Brae Asset Funding,*

*L.P. v. Applied Financial, LLC*, No. C 05-02490 WHA, 2006 WL 3497876, at *3 (N.D. Cal. Dec. 4, 2006) ("discovery in aid of [the] execution [of a judgment] is not precluded by the filing of an appeal"); *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JW (RS), 2009 WL 5114077, at *2 (N.D. Cal. Dec. 18, 2009) (citing *Brae*).

Fed. R. Civ. P. 37(b)(2)(A) sets forth certain sanctions which the Court may Order where a party fails to obey a discovery Order. These include:

> (2) *Sanctions Sought in the District Where the Action Is Pending.*
>
>> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.
>>
>> They may include the following:
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Federal Rule of Civil Procedure 37(a)(5) requires courts to award reasonable expenses, including attorneys' fees, if it grants a discovery motion.

According to their testimony during the underlying arbitration, the Liebermans are high income earning individuals with household income ranging from $200,000-$400,000 in years 2017, 2018, and 2019 (although some of this amount was "earned" through filing fraud-based lawsuits substantially identical to the claim which they filed against Credit One). *See* Soven Decl. at 4. Sanctions are necessary here in order to prevent further delay which would allow the Liebermans even more time to move or transfer assets that could otherwise be used to satisfy Credit One's judgment. Just like the defendants in *Shelton*, the Liebermans "cannot pick and choose whether they want to comply with the Court's Order. They will have their chance to voice

disagreement with the Court's decisions on appeal. In the meantime, if they want to stay execution of the judgment against them, they have to follow the Rules." *Shelton*, 2020 WL 4196211, at *4.

The Liebermans have not posted a bond -- *nor do they offer to do so in their motion for stay* and there is no just cause to further delay responding to Credit One's discovery requests. Credit One respectfully requests that the Court award sanctions in the amount of $100 per day until the Liebermans come into compliance with the Order, and award Credit One $2,500 in attorneys' fees for Credit One's continued pursuit of the discovery through these proceedings. Courts have awarded fees and have found $100 per day to be a reasonable sanction in similar cases. *See, e.g. Shelton v. FCS Cap. LLC*, 2020 WL 4196211, at *1; *see also* Soven Decl. at 6.

**III.   The Court Should Rule That Any Objections to Credit One's Discovery Requests are Deemed Waived.**

The Liebermans have had Credit One's discovery requests in their possession since October 2021. Despite many opportunities to respond, they failed to do so and have also failed to assert any objections to the discovery. As such, any objections that the Liebermans may now seek to assert to the discovery requests have been waived. In the same context (judgment debtor refusing to respond to post-judgment discovery), the *Shelton* court found that "Defendants waived the objections by not making timely objections." *Shelton,* 2020 WL 4196211, at *3 (finding that). The Court should do the same here.

**IV.   The Court Should Require the Liebermans to File A Bond Pursuant to FRAP 7 to Secure the Costs to be Incurred by Credit One in Connection with the Appeal**

Federal Rule of Appellate Procedure 7 provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Rule 8(b) applies to a surety on a bond given under this rule."

The Liebermans should be required to post security to cover the costs which will very likely be taxed against them when their appeal fails. Accordingly, Credit One respectfully requests that the Liebermans be directed to post a bond of no less than $750 pursuant to FRAP 7.

**V.   The Court Should Require the Liebermans to File A Bond Prior Pursuant to FRAP 8 Prior To Considering Any Further Relief to the Liebermans.**

In seeking to confirm its arbitration award, and in executing on its judgment, Credit One has been met with objections and motion practice from the Liebermans at every turn, causing much delay and substantial attorneys' fees. The Court should enjoin the Liebermans from seeking further relief in this Court unless and until they file a bond.

The district court may enter an order "suspending, modifying, restoring, or granting an injunction while an appeal is pending." Fed. R. App. P. 8(a)(1)(C). Moreover, the Court may requires as a "condition relief on a party's filing a bond or other security in the district court." Fed. R. App. P. 8(a)(2)(E).

Accordingly, Credit One respectfully requests that the Court enjoin the Liebermans from requesting further relief in this Court unless and until the Liebermans post a bond as security for the underlying judgment.

## CONCLUSION

For the reasons set forth herein, Credit One respectfully requests that the Court grant its motion to compel compliance with the Court's Order.

WHEREFORE, Credit One prays that the Court enter an order:

1. Holding the Liebermans in Contempt of the Court's April 19, 2022 Order (ECF No. 34);

2. Impose sanctions on the Liebermans in the amount of $100 per day until they comply with the April 19, 2022 Order (ECF No. 34);

3. Award Credit One attorneys' fees in the amount of $2,500 for these contempt proceedings;

4. Find that any objections the Liebermans may seek to assert to Credit One's discovery requests are waived;

5. Require the Liebermans to post a bond of no less than $750 pursuant to Fed. R. App. P. 7;

6. Enjoin the Liebermans from seeking further relief in this Court unless and until a bond is filed for the entire amount of the judgment pursuant to Fed. R. App. P. 8; and

7. For such other relief that this Court may deem just and proper.

Respectfully submitted,

/s/ *Andrew J. Soven*
Andrew J. Soven
NJ Attorney No. 023671995
**HOLLAND & KNIGHT LLP**
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Phone: 215-252-9554
Andrew.Soven@hklaw.com

*Counsel for Credit One Bank, N.A.*

Dated: May 13, 2022