## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**CREDIT ONE BANK, N.A.,**                         Civil Action No.: 3:21-cv-02923

       **Petitioner,**

    **-against-**

**ADAM LIEBERMAN and GENESE
LIEBERMAN,**

       **Respondents.**

                  /

## NOTICE OF OPPOSITION TO MOTION TO COMPEL AND CROSS MOTION
## FOR SANCTIONS

Defendants Adam and Genese Lieberman hereby oppose the Petitioner's motion to compel and

also cross moves this Court to direct the Petitioner and their attorneys to act in good faith, to not

misrepresent certain factual details of this case, and to sanction and fine the Petitioners attorneys

pursuant to Federal Rules of Civil Procedure Rule 11 for violating Rule 11(b), Rule § 1927, and

for Discovery abuse. In support thereof the Respondents will rely on their memorandum of law,

their own certifications and attached exhibits.

WHEREFORE, the Respondents request this court to enter an order:

1. Denying the motion to compel that was filed by the Petitioners on May 13, 2022.

2. Sanction the Petitioners by ordering them to pay reasonable costs in the amount of
   $75,000 for acting in bad faith and misleading this court.

3. Ordering the Petitioners attorneys to stop harassing the Respondents with threatening
   emails and calls.

4. Ordering the Petitioner and their attorneys to pay for reasonable fees and expenses
   associated with Respondent's time responding to the Petitioners frivolous and misleading

motion for contempt in the amount of $25,000.

Dated: _May 22, 2022_

_____
Adam Lieberman

_____
Genese Lieberman

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**CREDIT ONE BANK, N.A.,**

      **Petitioner,**

  **-against-**

**ADAM LIEBERMAN and GENESE LIEBERMAN,**

      **Respondents.**

_____/

**Civil Action No.: 3:21-cv-02923**

## Memorandum of law in Opposition to motion to compel discovery and in support of Respondent cross motion for sanctions

## STATEMENT OF FACTS:

The Petitioner filed a Motion to compel compliance with this Court's previous order pertaining to

outstanding discovery requests which was filed on May 13, 2022. Also pending before this Court

is the Motion to Stay all matters as the Lieberman's appeal this Court's decision which was

decided on April 12, 2022. The Lieberman's are filing an Appeal based on several factors

including a misrepresentation of the facts of this case by the attorneys for Credit One. A stay of all

matters including discovery is warranted and the Lieberman's submitted a memorandum of law

along with their motion to stay all matters which they filed on May 10, 2022. The Petitioners have

violated discovery procedures by asking more than the maximum of 25 interrogatory questions

which is forbidden according to Federal Procedure. They have also engaged in harassment tactics.

Finally, in their Motion to this Court they made a significant baseless allegation about a concern

of transferring of assets.

## INTRODUCTION:

The Petitioners declare in their Motion, without any evidence whatsoever, of a "concern that the

Lieberman's transferred or are in the process of transferring assets". This is a baseless accusation

and is a main reason why they seek discovery as well as to compel the Lieberman's to produce

assets (which they don't have.) The Petitioner has not presented any evidence to this effect and

there is no reason why a stay to keep this matter status quo should not be granted. Additionally,

the Petitioner's attorneys should be sanctioned and fined for discovery abuse, harassment and for

not acting in good faith.

### Federal Rules of Civil Procedure Rule 37

"On notice to other parties and all affected persons, a party may move for an order compelling

disclosure or discovery. The motion must include a certification that the movant **has in good faith**

**conferred or attempted to confer** with the person or party failing to make disclosure or

discovery in an effort to obtain it without Court action." The key words are **good faith**. Mr. Andrew Soven, and Mr. Abe Coleman have acted in bad faith throughout this entire process. For example, Mr. Soven attached in his declaration in support of his contempt motion that he recently had an email exchange with Mr. Lieberman regarding outstanding discovery. In the exchange, Mr. Lieberman informs Mr. Soven that he's in significant debt and attached several tax liens, judgements, and proof of his delinquent mortgage. In the same context, Mr. Lieberman and Mr. Soven have several phone conversations. The scope of these phone conversations was that Mr. Lieberman was asking Mr. Soven to act in good faith and based upon his financial picture he could not afford to pay any potion of the arbitration award. The conversations were cordial between the parties and Mr. Lieberman was under the impression that Mr. Soven understood his situation. Mr. Soven informed Mr. Lieberman on one of these phone calls that if he provided this information in support of his financial circumstances then Mr. Soven would speak with Credit One and, while he couldn't speak for them, felt they wouldn't want to spend more time and money in pursuing this matter if there were no assets to satisfy their judgment. Mr. Lieberman then emailed about ten documents to Mr. Soven confirming exactly what Mr. Lieberman had represented and in the context of this discussion, Mr. Lieberman states the following in one of the emails:

Andrew,

I appreciate very much the opportunity to share this information and supporting documentation with you.

In 2016, our house went into its second foreclosure (see attached) and we were struggling with our credit card debt. In early 2017, we enrolled with a non-profit credit counseling service (Family Credit, see attached) but we could only last a few months in their program. By the summer of 2017 we fell behind in all of our bills and that's when I wrote those letters to the creditors.

Attached is an IRS Tax Lien for 242,000, NJ State tax judgments for 70,000, and a previoisuly recorded judgement for 860,000.
I've attached a NYC Marshall seizure notice relating to another judgement of 245,000, where the Marshal informs me they just seized money from me (it was 2,300).

Attached is my most recent mortgage statement, where I'm about to be 6 months behind and the bank is once again mentioning foreclosure. I've attached my HUD second mortgage (obtained during my first foreclosure as part of my loan modification), making my home hundreds of thousands of dollars underwater.

Andrew, I'm hopeful this will satisfy both you and your client as to my financial insolvency and that the stress (on me and my wife) and time and expense (on your client) in moving this forward is simply not necessary.

If there is any more information whatsoever that you might need to make a decision please let me know.

Thank you again.

Adam

Shortly after this, Mr. Soven send the following email:

Regardless of when the account was opened, it's impossible to believe the same "misunderstanding" happened with 7 different financial institutions.

Please call if you wish to discuss.

**Andrew Soven | Holland & Knight**
Partner
Holland & Knight LLP
2929 Arch Street, Suite 800 | Philadelphia, Pennsylvania ▮▮▮▮▮
Phone 215.252.9554 | Mobile 610.212.7813

New Mail

Conveniently, this latest email was never presented to this Court in the Petitioner's Motion. Up until this point, Mr. Soven was acting in good faith. He was going to confer with the other attorneys for Credit One in attempt to negotiate a resolution without the need for discovery. However, Mr. Soven's tone completely changed on a subsequent phone call. Then, instead of following through, Mr. Soven takes the email exchanges and shows them as evidence to the Court that Mr. Lieberman is the one who is not following the discovery requests. Clearly, Mr. Lieberman had no idea that these email exchanges would be presented to the Court and the only reason why Mr. Soven was engaging with Mr. Lieberman was to extract more evidence to present to this Court in the form of exhibits to support a contempt motion. This type of behavior is unethical. Mr. Soven should have told the proper context about the email exchange which he uses in his declaration.

On top of this egregious behavior, the other attorney, Mr. Abe Coleman emailed Mr. Lieberman a very threatening email . (See next page)

From: "Colman, Abraham J (LAX - X52412)" <Abe.Colman@hklaw.com>
Date: May 16, 2022 at 9:01:44 AM EDT
To: "Soven, Andrew J (PHL - X49554)" <Andrew.Soven@hklaw.com>
Cc: Adam Lieberman <alieberman987@gmail.com>, "Murphy, Chris R (CHI - X65722)" <Chris.Murphy@hklaw.com>
Subject: Re: Depositions

Mr. Lieberman, let me be a little more clear. If you don't respond to this email, we will have a court reporter show up and we will formally put your non appearance on the record. This will be yet a further expense that will ultimately be added to our judgment. Enough with the games. Please confirm you and your wife are not attending tomorrow as ordered by the court. Assuming you and your wife are attending, don't forget to bring the required documents. Please advise within the hour. Abe

Sent from my iPhone

> On May 15, 2022, at 4:07 PM, Soven, Andrew J (PHL - X49554) <Andrew.Soven@hklaw.com> wrote:

Firstly, Mr. Coleman is not a licensed attorney to practice in New Jersey.

Additionally, this is a threat which this Court must take very seriously.  I just filed a motion to

Stay all pending matters, which has not yet been decided by the Court. As such, this threat to bill

me for a court reporter is, and should be, taken by this Court as bad faith and egregious. These

bad faith actions preclude a motion to compel discovery and as such, the motion to compel

discovery should not be granted.

### Petitioner Already showed this Court that they do not need discovery:

All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Rule 26(b)(1).

According to Rule 26(b)(2)(C):

On motion or on its own, the Court must limit the frequency or extent of discovery

otherwise allowed by these rules or by local rules if it determines that:

(i)      the discovery sought is unreasonably cumulative or duplicative, <u>or can be obtained</u>

<u>from some other source that is more convenient, less burdensome,</u> or less expensive;

The petitioner has already established that they clearly have other means of obtaining the

information that they seek from. They recently filed a charging order on May 13th regrading

my supposed interest in an LLC called "Northeast Commercial Realty." Here is the copy of

the charge order notice:

Respondents.                   :
                               :

PLEASE TAKE NOTICE that petitioner will move before this Court at the United States

Courthouse, Clarkson S. Fisher Federal Building & U.S. Courthouse, 402 E. State Street,

Trenton, New Jersey 08608 on June 6, 2022, or at such other time as this Court deems just and

proper, or as soon thereafter as counsel may be heard, for an order entering a charging order with

respect to Adam Lieberman's interest in Northeast Commercial Realty, LLC.

Respectfully submitted,

/s/ *Andrew J. Soven*
Andrew J. Soven                      

**Fed. R. Civ. P. 26**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" Fed. R. Civ. P. 26." This case is unique in many ways. From the outset, the Lieberman's have been harmed and prejudiced by the public. There have been numerous media reports that have negatively impacted the Lieberman's. Here are several headlines from many publications:





If discovery should be granted in this matter pending Appeal, the Lieberman's are afraid that more personal information will continue to get leaked to the public. Already, Mr. Coleman has made a severe threat to me. (Please see email above.) The oppression, embarrassment, and annoyance will continue to increase. The Petitioners seek information that is personal identifiers to both me and my family. "Further, pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Good cause must be demonstrated by the party seeking the protective order. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).

Additionally, since there is already national media attention to this case we have already been prejudiced as we seek Appeal.

""[D]istrict courts have broad discretion to manage discovery," and a discovery ruling will not be overturned "absent a showing of actual and substantial prejudice." Greene v. Horry County, 650 F. App'x 98, 99-100 (3d Cir. 2016)" Zampetis v. City of Atl. City, 1:15-cv-01231-NLH-AMD, at *7-8 (D.N.J. Nov. 2, 2018). What could be more prejudicial than permitting discovery to attorneys who have already acted in bad faith, have made threats, one of their attorneys are not licensed to practice law in New Jersey, and all of this while there are several negative articles that have been circulating the internet regarding the Lieberman's?

### Sanctioning Petitioners for violating Federal Rules of Civil Procedure Rule 11(b)

" By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... [that] (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.... (c) Sanctions. If, after notice and a reasonable opportunity to respond, the Court determines that subdivision (b) has been violated, the

Court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Carlino v. Gloucester City High Sch., 57 F. Supp. 2d 1, 37 (D.N.J. 1999), aff'd in part, 44 F. App'x 599 (3d Cir. 2002)

In the matter hand, the Petitioner's state their concern that the "Lieberman's transferred or are in the process of transferring assets to avoid collection of the judgment." This baseless and untrue statement to the Court what they base their Motion to compel discovery on. This is a violation of the case law sited above as being frivolous and as well as misleading the Court. This is why the Petitioner's and their attorneys should be sanctioned.

In the declaration of Attorney Andrew Soven, he states that "Attorneys' fees in the amount of $2,500 is a reasonable for the amount of work Holland & Knight LLP attorneys spent its Motion to Compel Compliance with Court Order." Yet, he doesn't state the details of this work or even more importantly which attorney did what. This is important because again, attorney Abe Coleman is not licensed to practice in New Jersey.  Additionally, Andrew Soven in his declaration is not forthcoming about the nature of the email exchange and leaves out the most crucial part of the exchange.  He further fails to state that Mr. Lieberman in those email exchanges was actually trying to negotiate in good faith to hand over discovery – and indeed would have – had Mr. Soven not reneged on his desire to resolve this matter in a phone conversation. These are all grounds for a sanction on the attorneys who represent Credit One. They must be sanctioned for this and held accountable.

## Rule 1:21–1(a) of the Rules Governing the Courts of the State of New Jersey bars the practice of law of these attorneys in this court.

To practice law in New Jersey, an otherwise qualified attorney must maintain an office and attend continuing legal education courses there. "The Rule now states that no person shall practice law in this State unless that person is an attorney, holding a plenary license to practice in this State, has complied with the R.1:26 skills and methods course requirement in effect on the date of the attorney's admission, is in good standing, and maintains a **bona fide office** for the practice of law in this State regardless of where the attorney is domiciled." Tolchin v. Supreme Ct. of the State of N.J., 111 F.3d 1099, 1102 (3d Cir. 1997).

In his attorney declaration, Mr. Soven states that Holland & Knight LLP attorneys should be compensated in additional attorney fees it spent on its motion to compel. There are several violations present: First, Holland & Knight LLP does not have an office in New Jersey. Second, Mr. Soven himself, while in indeed possess a NJ attorney No. in his signature, nonetheless his signature indicates an office address in Philadelphia.



The New Jersey Rule 1:21–1(a) indeed has a bona fide office rule which states that the office "is a place where clients are met, files are kept, the telephone is answered, mail is received and the attorney or a responsible person acting on the attorney's behalf can be reached in person and by telephone during normal business hours to answer questions posed by the courts, clients or adversaries and to ensure that competent advice from the attorney can be obtained within a

reasonable period of time."

Additionally, Mr. Abe Coleman, the attorney who emailed Mr. Lieberman a very threatening email does not even practice law in New Jersey.

As such, the attorneys for the Petitioner Credit One should not be granted their motion to compel as they are not permitted to practice law in New Jersey in this Jurisdiction.

## § 1927. Counsel's liability for excessive costs

§ 1927 states fully " Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.:" The Petitioners have conducted a harassment discovery campaign that violates many federal procedures including sending me several threatening emails for a deposition with their attorneys at their office, when they know full well that this is actually not permitted. They also submitted to this court in their September 9, 2021

motion to amend judgment – billable hours which are not conscionable, such as hours and hours of billable hours to research one case law and 42 minutes to type up one email.

They continue to push the agenda of discovery, harassing me, all while my Motion to Stay discovery is pending. They should be fined and sanctioned for this type of harassment.

## ABUSE OF DISCOVERY

### Federal Rules and Procedures rule 28c

1. The Petitioners have abused the discovery process in a rather significant way and should be held accountable. For example, Federal Rules and Procedures rule 28c states: "Rule 28(c): A person or officer before whom the deposition is taken should not have any interest with the case, parties, or party's attorney." Yet nonetheless, these Petitioners, recognizing that I'm a Pro Se defendant, seek to depose me at their own office:

Respondents.                    )

## THIRD AMENDED NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, in accordance with Fed. R. Civ. P. 69(a)(2) and 30, Petitioner Credit One Bank, N.A. ("Judgment Creditor" or "Credit One") by and through their counsel Holland & Knight, LLP, will take the deposition of **ADAM LIEBERMAN**.   The deposition will take place at the offices of **Holland & Knight**, 2929 Arch Street, Suite 800, Philadelphia, Pennsylvania 19104 or a mutually convenient location on **Tuesday, May 17, 2022** **beginning at 10:30 a.m. EST**.   The deposition shall continue until completed and will be properly recorded before a notary public or other person authorized to administer oaths, by stenographic means. The deposition will be taken in person.

## Federal Rules and Procedures rule 33a

2.   A party is permitted to serve written interrogatories to another. The interrogatories should not exceed 25 in numbers. The Petitioners once again believe that they are above the law. While it is true that they indeed ask 25 questions, nonetheless they lump several questions into one. They do this several times. For example, in question 4 of their first set of interrogatories they ask the following:

**Please state whether you own your residence(s) or other real estate. If yes, state the street address or other location, state the nature of ownership (joint, sole, etc.). If ownership is shared, please state the person(s) sharing ownership with regard to each property identified and state what percentage of the property you own. As part of your response, describe in detail any and all liens and/or mortgage loans(s), secured by such residence or other real estate and the current payoff amount for each lien and mortgage loan.** The first question should be "please state whether you own your residence or other location?" At this point the question should have ended. Nonetheless, they state several follow up questions and they label all such questions as one question #4. This is against the rules of discovery.

## WAIVING THE SECURITY BOND

Federal Rule of Appellate Procedure 7 provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Rule 8(b) applies to a surety on a bond given under this rule. Nonetheless, this district court allows for a waiver of a bond and the waiver is solely within the Court's discretion. Furthermore, even the amount of a bond is at the sole discretion of the Court: "In order to make the other party whole, such a supersedeas bond must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay." Id. (internal citations omitted). "The amount of the bond—and in fact, whether to require a bond at all—**remains within the Court's discretion**." Id. Hilburn v. Bayonne Parking Auth., No. 07-CV-5211 DMC JAD, 2013 WL 1721648, at *2 (D.N.J. Apr. 19, 2013)

Additionally, "While the Third Circuit has not spoken on the issue, District Courts in this circuit have joined Courts of Appeals of sister circuits in holding that Rule 62(d) **does not limit district courts from exercising their discretion to waive the supersedeas bond requirement in certain cases.**" Church & Dwight Co., Inc. v. Abbott Laboratories, No. 05–2142, 2009 U.S. Dist. LEXIS 64459, at *40 (D.N.J. July 23, 2009) (citing Tomasko v. Ira H. Weinstock, P.C., No. 3:98–cv–1978, 2009 U.S. Dist. LEXIS 17334, at *2, 2009 WL 613590 (M.D.Pa. Mar. 6, 2009) Hilburn v. Bayonne Parking Auth., No. 07-CV-5211 DMC JAD, 2013 WL 1721648, at *2 (D.N.J. Apr. 19, 2013)

## 5 FACTORS TO WAIVE BOND:

"When determining whether an exceptional circumstance exists, the Courts are directed to consider "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence that this Court has in the availability of funds to pay the judgment; (4) whether the [debtor's] ability to pay the judgment is so plain that the cost of

a bond would be a waste of money; and (5) whether the [debtor] is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the debtor in an insecure position." Grant v. Omni Health Care Systems of NJ, Inc., No. 08–306, 2010 U.S. Dist. LEXIS 82963 at *2 (D.N.J. Aug. 13, 2010) (citing Church & Dwight Co., Inc., 2009 U.S. Dist. LEXIS 64459 at *41–42). Hilburn v. Bayonne Parking Auth., No. 07-CV-5211 DMC JAD, 2013 WL 1721648, at *2 (D.N.J. Apr. 19, 2013)

At present, the Lieberman's are in a difficult financial situation. As this Court is aware, the Lieberman's Motion to Stay explains why they feel their pending Appeal will be successful. Also, there are serious questions of discovery abuse, harassment and threats made by the attorneys of the Petitioner. The entire case is based on a confirmation of a money award which we challenge the full amount **and** the added-on amount. The attorneys in this case for the Petitioner have acted in bad faith. We have already been prejudiced due to the media attention to this case. Additionally, we lack the necessary funds to secure an Appeal bond, and this Court has broad discretion in agreeing to waive this bond.

## CONCLUSION:

The actions of the Petitioners in this matter are frivolous and harmful to the Lieberman's. While the Lieberman's wait for an Order from this Court on their Motion to Stay all proceedings including discovery, the attorneys for the petitioners call and email the Lieberman's in a threatening and harassing tone. Much of their discovery demands are in violation of federal procedures as stated above. While Adam Lieberman attempted to negotiate in good faith, the

attorneys file a misleading motion to this Court stating without any proof whatsoever of a "concern that the Lieberman's transferred or are in the process of transferring assets". This is a significant and baseless accusation and should be grounds by itself to sanction the attorneys at Holland & Knight LLP.  The same attorneys who pretend to negotiate in "good faith" via their email correspondence, the very next day ask the Court to find them in contempt and ask for additional fees. These same attorneys are either are not licensed to practice law in the State of New Jersey or do not have an office here. There are serious questions of law for which a Stay on all matters should be granted including a Stay on discovery. As such, the Respondents are asking this Court to deny the motion for contempt and for attorney fees and instead sanction both Credit One and their attorneys.

Date: May 22, 2022

_____
Adam Lieberman

_____
Genese Lieberman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CREDIT ONE BANK, N.A.,                          Civil Action No.: 3:21-cv-02923

            Petitioner,

    -against-

ADAM LIEBERMAN and GENESE
LIEBERMAN,

           Respondents.

_____/

## Affirmation of Respondents in Support of opposition to Petitioner's Motion to Compel and in support of cross motion

1. I, Adam Lieberman, am the pro se Respondent named in the above captioned matter and as such I am fully familiar with the facts of this case.

2. I, Genese Lieberman, am the pro se Respondent named in the above captioned matter and as such I am fully familiar with the facts of this case.

3. The Petitioners recently filed a motion to compel discovery and we are hereby responding to oppose this motion to compel, and cross move this court seeking sanctions and fees from the Petitioner and their attorneys for acting in bad faith.

4. There is a current Notice of Appeal as well as Motion to Stay, which the Lieberman's recently filed on May 10, 2022.

5. Since this filing, the Petitioners have acted in bad faith by harassing the Lieberman's with threatening emails, and phone calls regarding discovery.

6. Upon information and belief, this is bad faith and against the rules of civil litigation as this Court has not yet ruled on our Motion to Stay.

7. The Petitioners have continued to act in bad faith by asking this Court for fees connected with the filing of their motion to compel yet they don't state what type of work they did, or which attorney worked on the motion.

8. Additionally, they act in bad faith by having an attorney not licensed to practice law in New Jersey send threatening emails to Mr. Lieberman.

9. Additionally, they have misled this Court with a baseless accusation in their recent filing by asserting their concern that the Lieberman's are "transferring assets."

10. They additionally submitted to this Court in their recent filing, an email exchange which Mr. Lieberman had with them, but they misled the Court as to the proper context of the emails and they conveniently leave out some of the emails as part of the exchange.

11. They further abuse discovery by asking a significant number of interrogatory questions, almost double the number of permitted questions. The Federal Rules of Procedures only allow for 25 questions. The Petitioners asked more than the required amount. Hence, it

would be improper to grant a motion to compel discovery when the discovery rules have been severely abused by the petitioners.

12. Upon information and belief, a bond is not a requirement to be granted a Stay pending Appeal because it is up to the full discretion of this Court whether or not to require a bond. There are significant questions of material fact pertaining to the actual monetary award number for which the Lieberman's plan on Appealing. There are also other relevant questions for which the Appeal process will answer such as material misrepresentations that the Petitioners claimed in this Court. Also, the Lieberman's cannot afford a bond due to their financial circumstances.

13. The Lieberman's already have been severely prejudiced in this case because of numerous published negative articles on this matter. As such, the Lieberman's are concerned that if a Stay is not granted, then there will be additional negative articles published prior to their Appeal being heard.

14. The Petitioners have not been prejudiced nor would they suffer any harm if the discovery issues were stayed pending a determination of the 3rd Circuit Court. This is because the petitioners are a multimillion-dollar Corporation, whereas the Lieberman's are presently in jeopardy of their home going into foreclosure.

**Wherefore,** the Lieberman's are requesting this Court to deny the Petitioner's motion to compel, deny their sanction request, and grant our cross motion for sanctions due to the numerous harassment and bad faith actions of Credit One and their attorneys.

Pursuant to 28 U.S.C. § 1746, the Lieberman's declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: May 22, 2022

Adam Lieberman

Genese Lieberman

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

**CREDIT ONE BANK, N.A.,**                                   Civil Action No.: 3:21-cv-02923

       **Petitioner,**

   **-against-**

**ADAM LIEBERMAN and GENESE
LIEBERMAN,**

      **Respondents.**

_____/

**ORDER**

   **IT IS HEREBY ORDERED this_____day of_____, 2022 as follows:**

Respondents opposition to Motion to Compel and cross motion seeking sanctions and fees against

Credit One and their attorneys are **GRANTED.**

**WHEREFORE**, the following is hereby ordered:

1. Denying the motion to compel that was filed by the Petitioners on May 13, 2022.

2. Petitioners and their attorneys shall pay reasonable costs in the amount of $75,000 for

   acting in bad faith and misleading this court.

3. Petitioners attorneys shall stop harassing the Respondents with threatening emails and

   calls.

4. Petitioner and their attorneys shall pay for reasonable fees and expenses associated with

   Respondent's time responding to the Petitioners frivolous and misleading motion for

   contempt in the amount of $25,000.

Dated:_____              _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**CREDIT ONE BANK, N.A.,**                                    Civil Action No.: 3:21-cv-02923

        **Petitioner,**

    **-against-**

**ADAM LIEBERMAN and GENESE
LIEBERMAN,**

        **Respondents.**

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on May _22_ , 2022 a true and correct copy of the notice in opposition to

the Petitioners Motion to compel and Respondent's Cross Motion were served to all parties via

the efiling portal.

Adam Lieberman