IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

CREDIT ONE BANK, N.A.,            Civil Action No.: 3:21-cv-02923

    Petitioner,

-against-

ADAM LIEBERMAN and GENESE
LIEBERMAN,

    Respondents.
_____/

**Memorandum of Law in Opposition to Motion for charging order**

## Statement of Facts

This matter pertains to a Motion to Stay which the Lieberman's filed on May 10, 2022, as their Appeal is now pending before the Court of Appeals. They are seeking a full Stay on the matter pending their Appeal. Instead of waiting for this Court rule on Lieberman's Motion to Stay, Credit One chose to file a motion for a charging order and this memorandum is in opposition to that motion.

## Charging Order Should be denied:

Credit One's motion for a charging order should be denied. The Petitioners have not explained any connection between the Lieberman's and the supposed LLC which they mention in their charging order. Nor do they explain how a charging order should be permitted when an Appeal is pending, along with a Motion to Stay pending this Appeal. The Petitioners have stated that the Lieberman's have not posted a bond, yet the bond payment is at the discretion of the Court. The Petitioners are continuing to harass the Lieberman's and this charging order which they are seeking is the same type of harassment. The Petitioners invoke New Jersey law, N.J.S.A. 42:2C-43, to a federal arbitration case. The Petitioners also seek to have their cake and eat it too. This is because they seek a security bond payment, plus discovery requests, and now they seek an LLC. If this Court grants the charging order, then there is no need for the Lieberman's to post a security bond to stay the entire matter pending Appeal. If this Court grants the security bond, then there is no need for the charging order. Simply put, the Lieberman's filed a Motion to Stay all matters pending Appeal and this Petitioner is trying to subvert that Motion to Stay by filing both a motion to compel and a charging order – both of which are moot motions while the Motion to Stay is before this Court, and certainly moot if this Court grants the Lieberman's Motion to Stay. As such, the motion for charging order should be denied.

## N.J. Stat. § 42:2C-43

"A court order charging the transferable interest of a member pursuant to this section shall be the **sole remedy** of a judgment creditor, who shall have no right under 42:2C-1 et seq. or any other State law to interfere with the management or force dissolution of a limited liability company or to seek an order of the court requiring a foreclosure sale of the transferable interest."

Being that the Petitioner is now seeking this charging order, according to the cited statute, this is the "sole remedy" of a judgment creditor and if the petitioners seek to invoke this statute, and the Court grants the motion, then this should be the "sole" remedy of creditor Credit One and hence no need for any type of security bond to stay pending their Appeal.

A charging order does not grant the moving party a right to pay distributions from the LLC directly to the movant. All it does is function to allow the creditor to act as an assignee from that point moving forward. Hence the request of Credit One to have an interest in Northeast Commercial Reality, LLC does not give Credit One permission to pull money out of it, especially if the operating agreement of the LLC has binding conditions which would forbid this.

Northeast Commercial Reality, LLC is not a party to the matter. Hence, Credit One has no right to bring a charging order on this LLC. Northeast Commercial Reality, LLC is not the debtor in this matter. For all of these reasons, the charging order should be denied.

Date: May 22, 2022

Adam Lieberman

Genese Lieberman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**CREDIT ONE BANK, N.A.,**              Civil Action No.: 3:21-cv-02923

    Petitioner,

  -against-

**ADAM LIEBERMAN and GENESE LIEBERMAN,**

    Respondents.
_____/

## Affirmation of Respondents in Support of Opposition to Petitioner's Motion for charging order

1. I, Adam Lieberman, am the pro se Respondent named in the above captioned matter and as such I am fully familiar with the facts of this case.

2. I, Genese Lieberman, am the pro se Respondent named in the above captioned matter and as such I am fully familiar with the facts of this case.

3. The Lieberman's oppose the motion for charging order that Credit One filed.

4. This Court has not issued a writ of execution.

5. There is a pending Motion to Stay before this Court to Stay all matters.

6. It is therefore premature for the Petitioners to try to get a charging order.

7. Furthermore, Credit One keeps filing frivolous motions seeking more fees from the Lieberman's. As such, until they stop seeking fees then Credit One's charging order should be denied.

Pursuant to 28 U.S.C. § 1746, the Lieberman's declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Date: May 22, 2022

_____
Adam Lieberman

_____
Genese Lieberman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CREDIT ONE BANK, N.A.,** | Civil Action No.: 3:21-cv-02923 |
| Petitioner, | |
| -against- | |
| **ADAM LIEBERMAN and GENESE LIEBERMAN,** | |
| Respondents. | |

### CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2022 a true and correct copy of the opposition to the Petitioners Motion for charging order were served to all parties via the efiling portal.

_____

Adam Lieberman