UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CREDIT ONE BANK, N.A.,

                    Petitioner,

v.

ADAM LIEBERMAN and GENESE LIEBERMAN,

                    Respondents.

Civ. Action No. 21-02923 (FLW)

**ORDER**

**THIS MATTER** having been opened to the Court upon a Motion for Stay Pending Appeal filed by *pro se* respondents Adam Lieberman and Genese Lieberman ("Respondents") [ECF No. 38], a Motion for Charging Order filed by petitioner Credit One Bank, N.A. ("Petitioner" or "Credit One") [ECF No. 39], a Motion to Compel Compliance with Court Order filed by Petitioner [ECF No. 40], and a Cross Motion for Sanctions filed by Respondents [ECF No. 42]; it appearing that Petitioner opposes the Motion for Stay Pending Appeal [ECF No. 41] and the Cross Motion for Sanctions [ECF No. 44]; it further appearing that Respondents oppose the Motion to Compel [ECF No. 42] and the Motion for Charging Order [ECF No. 43]; the Court having considered the parties' submissions without oral argument, and pursuant to Fed. R. Civ. P. 78, makes the following findings:

1. On August 12, 2021, the Hon. Anne E. Thompson, U.S.D.J., issued an Order confirming an arbitration award and entering a $286,064.62 judgment against Respondents in connection with credit card debt they owed to Petitioner. [ECF Nos. 9, 10, 12]. On September 9, 2021, Petitioner moved to amend the judgment to add attorneys' fees and costs associated with confirming the judgment. [ECF No. 13]. The following month, Petitioner served discovery and noticed depositions in aid of discovering assets pursuant to Rule 69 of the Federal Rules

1

of Civil Procedure. *See* ECF No. 34 at 1. Respondents' attorney withdrew shortly thereafter. The Magistrate Judge granted Respondents 60 days to hire new counsel and ordered that discovery would resume on January 10, 2022, regardless of whether Respondents had engaged new counsel by that time. [ECF No. 24]. Respondents did not obtain new counsel, and, on January 6, 2022, they moved to quash discovery. [ECF No. 28]. On April 12, 2022, Judge Thompson entered an order granting Petitioner's motion to amend and issued an amended judgment in the amount of $359,948.69. [ECF No. 33]. The case was then transferred to this Court on April 19, 2022. [ECF No. 35].

2. The same day, the Magistrate Judge denied Respondents' motion to quash discovery. [ECF No. 34]. The Magistrate Judge also ordered Respondents to respond to Petitioner's discovery requests by May 3, 2022, and to appear for a deposition no later than May 17, 2022. *See* ECF No. 34. On May 2, 2022, Mr. Lieberman sent an email to counsel for Petitioner describing Respondents' debts. *See* ECF No. 40-3, Declaration of Andrew Soven ("Soven Decl.") Ex. 1. Counsel responded on May 3, 2022, requesting that Respondents complete a personal financial statement, and send their most recent tax return and bank statements, in order to document Respondents' assets for purposes of executing on the judgment. *See* Soven Decl. at 2–3 and Ex. 1. On May 5, 2022, Respondents filed a Notice of Appeal as to the Court's Order awarding an amended judgment. [ECF No. 36]. As of that day, Respondents had not provided the information Petitioner's counsel had requested on May 3, 2022. *Id.* Counsel notified Respondents that they had not provided "most of the documents" Petitioner sought in its discovery requests or responded to Petitioner's interrogatories, and counsel requested confirmation that Mr. or Mrs. Lieberman would appear at the deposition noticed for May 17, 2022. *Id.* As of May 27, 2022, Respondents had not disclosed the information pertaining to their assets that Petitioner sought through discovery. *See* ECF No.

2

44 at 1. Nor had Respondents appeared for depositions. *See id.* As of the date of this Order, Respondents have not complied with the Magistrate Judge's Order dated April 19, 2022.

3. On May 10, 2022, Respondents filed a Motion for Stay Pending Appeal, seeking a stay against the collection of the judgment, discovery and deposition requests, "and any and all matters in connection with this case pending" the appeal noticed on May 5, 2022. *See* ECF No. 38 at 9. Petitioner opposes the Motion for Stay Pending Appeal. *See* ECF No. 41.

4. On May 13, 2022, Petitioner filed a Motion for Charging Order pursuant to N.J.S.A. 42:2C-43, with respect to Mr. Lieberman's interest in Northeast Commercial Realty, LLC, of which Mr. Lieberman is the sole owner. *See* ECF Nos. 39, 39-2 and Ex. A. The same day, Petitioner filed a Motion to Compel Compliance with the Court's Order dated April 19, 2022. *See* ECF Nos. 40, 40-2. Petitioner requests that the Court (1) hold Respondents in contempt of the Court's April 19, 2022 Order, (2) impose sanctions on Respondents in the amount of $100 per day until they comply with the April 19, 2022 Order, (3) award attorneys' fees to Petitioner in the amount of $2,500 for the contempt proceedings, (4) find that any objections Respondents may seek to assert to Petitioner's discovery requests are waived, (5) require Respondents to post a bond of no less than $750 pursuant to Fed. R. App. P. 7, and (6) enjoin Respondents from seeking further relief in this Court unless and until a bond is filed for the entire amount of the judgment pursuant to Fed. R. App. P. 8. *See* ECF No. 40-2 at 8–9. Respondents oppose the Motion to Compel and the Motion for Charging Order, and they cross move for sanctions against Petitioner. *See* ECF No. 42, 43.

## MOTION TO STAY

5. Respondents move for a stay on execution of the monetary judgment and discovery in aid of execution. *See* ECF No. 38. Pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, "[a]t any time after judgment is entered, a party may obtain a stay by providing

a bond or other security." Rule 62(b) is the successor to former Rule 62(d), *see* Fed. R. Civ. P. 62 Advisory Committee Notes: 2018 Amendments; Wright & Miller, 16A *Fed. Prac. & Proc. Juris.* § 3954 (5th ed. 2019), which provided that "'[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond.'" *Sabre GLBL, Inc. v. Shan*, Civ. No.: 15-8900, 2018 WL 4350279, at *2 (D.N.J. Sept. 12, 2018). "A supersedeas bond is any form of security from which the other party may be made whole if the appeal is unsuccessful, whether in the form of cash, property, or surety bond." *Id.* "To be sufficient to make the appellee whole, the 'bond must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay.'" *Id.* (quoting *Hilburn v. Bayonne Parking Auth.*, Civ. No. 07-5211, 2013 WL 1721648, at *2 (D.N.J. Apr. 19, 2013) ("*Hilburn II*")). The revised text, now codified under Rule 62(b), "makes explicit the opportunity to post security in a form other than a bond." Fed. R. Civ. P. 62 Advisory Committee Notes: 2018 Amendments; Wright & Miller, 16A *Fed. Prac. & Proc. Juris.* § 3954 (5th ed. 2019). Neither the Advisory Committee notes, nor any other authority, discusses other substantive changes to the rule that are applicable on the present motion.

6. Although the Third Circuit has not addressed whether courts may require a bond less than the amount of the full judgment, courts in this District have exercised "'discretion under [former] Rule 62(d) to waive the bond requirement in whole or in part." *Shan*, 2018 WL 4350279, at *2 (quoting *United States ex rel. Doe v. Heart Sol. PC*, No. Civ. No. 14-3644, 2017 WL 2709561, at *1 (D.N.J. June 23, 2017)); *Montalvo v. Larchmont Farms, Inc.*, Civ. No. 06-2704, 2011 WL 6303247, at *1 (D.N.J. Dec. 15, 2011). Courts only exercise such discretion in "exceptional circumstances and where alternative means of securing the judgment exist." *Shan*, 2018 WL 4350279, at *2 (citing *Hilburn v. New Jersey Dep't of Corr.*, Civ. No. 7-6064, 2012 WL 3133890, at *29 (D.N.J. July 31, 2012) ("*Hilburn I*")).

7. In determining whether "exceptional circumstances" exist, courts in this District consider the following factors (the "*Dillon* factors"): (1) "[t]he complexity of the collection process;" (2) "[t]he amount of time required to obtain a judgment after it is affirmed on appeal;" (3) "[t]he degree of confidence that the district court has in the availability of funds to pay the judgment;" (4) "[w]hether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money;" and (5) "[w]hether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Shan*, 2018 WL 4350279, at *2 (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)).

8. The moving party thus bears the burden to (1) demonstrate that "posting a full bond is impossible or impracticable (the 'exceptional circumstances' element) and (2) "propos[e] a bond-alternative that provides adequate security for the appellee (the 'adequate alternative' element)." *Shan*, 2018 WL 4350279, at *2; *Montalvo*, 2011 WL 6303247, at *2.

9. Here, the Court denies the Motion for Stay Pending Appeal, because Respondents have not posted a "bond or other security," Fed. R. Civ. P. 62(b), and they fail to establish exceptional circumstances. Respondents largely do not address the *Dillon* factors. They note that they are "in a difficult financial situation," ECF No. 42 at 19, and that they are part of a "middle-class working family with children to support[,] . . . bills to pay," and "substantial debt." *See* ECF No. 38 at 6. But while Respondents document their debts in an email to counsel for Petitioner, they have failed to disclose any information pertaining to their assets. *See* Soven Decl. at 1–2 and Ex. 1. Moreover, during an evidentiary hearing in the underlying arbitration, Mr. Lieberman stated that his annual household income in 2017, 2018, and 2019 totaled between $200,000 and $400,000 per year. *See* Soven Decl. at 2 and Ex. 2. Without insight into the nature and value of Respondents' assets, the Court is unable to ascertain the

    complexity of the collection process or amount of time required to collect, such that the first and second *Dillon* factors do not favor a stay. The third and fourth *Dillon* factors weigh decidedly against a stay because the Court is unable to determine whether Respondents are able to pay the judgment, and their historical household income in fact suggests that they may have sufficient funds. For largely the same reason, the fifth *Dillon* factor also weighs against a stay, because the Court is unable to ascertain the likely effect on other creditors of requiring Respondents to post a bond. And Respondents do not propose a "bond-alternative that provides adequate security for the appellee." *Shan*, 2018 WL 4350279, at *2.

10. Accordingly, Respondents' motion for a stay is denied. To the extent that Respondents would like the opportunity to seek a stay by posting a bond, the Court will provide Respondents seven (7) days from the date of this Order to post a "bond or other security," Fed. R. Civ. P. 62(b), sufficient to cover the cost of the full judgment. If Respondents comply, the Court will, pursuant to Rule 62(b), enter a stay on execution of the judgment and discovery in aid of execution. If, however, Respondents fail to comply, the Court will award other relief to Petitioner and may impose sanctions against Respondents, as set forth *infra*.

## MOTION TO COMPEL AND MOTION FOR CHARGING ORDER

11. Petitioner moves to hold Respondents in contempt and compel compliance with the Court's April 19, 2022 Order requiring Respondents to comply with Petitioner's discovery requests and appear for a deposition. *See* ECF No. 40. Petitioner also moves for a charging order in connection with Mr. Lieberman's interest in Northeast Commercial Realty, LLC. *See* ECF No. 39. Respondents oppose the motions. *See* ECF Nos. 42, 43.

12. To prevail on a motion seeking to hold a party in contempt, the movant must demonstrate "(1) that a valid order of the court existed; (2) that the [non-movant] had knowledge of the

order; and (3) that the [non-movant] disobeyed the order." *F.T.C. v. Lane Labs- USA, Inc.*, 624 F.3d 575, 582 (3rd Cir. 2010). Here, there is no dispute that the Magistrate Judge entered a valid order on April 19, 2022, requiring Respondents to respond to Petitioner's discovery requests by May 3, 2022, and appear for a deposition by May 17, 2022. *See* ECF No. 34. Nor is there any dispute that Respondents had knowledge of the Order, as Mr. Lieberman consented to receive documents and notices of electronic filings via the Court's electronic filing system, *see* ECF No. 26, and the Court filed its Order on the docket electronically on April 19, 2022. *See* ECF No. 34. Finally, as of the date of this Order, Respondents have largely failed to comply with Petitioner's discovery requests. Although Mr. Lieberman emailed a summary of Respondents' debts to counsel for Petitioner, Respondents have failed to produce requested documents pertaining to their assets. *See* Soven Decl. at 1–2 and Ex. 1. Respondents have also failed to appear for their depositions noticed for May 17, 2022, and answer interrogatories. Accordingly, Respondents are clearly in contempt of the Court's Order dated April 19, 2022.

13. In its Motion to Compel, Petitioner also requests that the Court impose sanctions against Respondents in the amount of $100 per day until they comply with the April 19, 2022 Order, award attorneys' fees in the amount of $2,500 to cover the contempt proceedings, find that Respondents waived any objections to Petitioner's discovery requests,[1] require Respondents

---

[1] Respondents contend that one of the questions in Petitioner's interrogatories fails to comply with Rule 33 of the Federal Rules of Civil Procedure, which provides that parties may serve "no more than 25 written interrogatories, including all discrete subparts." *See* ECF No. 42 at 17. The Court agrees with Petitioner that Respondents waived this objection by failing to raise it before the Magistrate Judge, who approved Petitioner's written discovery requests, *see* ECF No. 34, and by only raising it in their opposition to the motion to compel. *See Shelton v. FCS Capital LLC*, Civ. No. 18-03723, 2020 WL 4196211, at *3 (E.D. Pa. July 21, 2020). But the objection fails even absent waiver. The interrogatory at issue asks whether Respondents own their residences or other real estate, and it also requests the addresses of any such real estate, an indication of whether ownership is shared and the persons who share ownership, the percentage of the property Respondents own, and a

to post a bond of no less than $750 pursuant to Fed. R. App. P. 7,[2] and enjoin Respondents from seeking further relief until they post a bond for the entire judgment pursuant to Fed. R. App. P. 8. *See* ECF No. 40-2 at 8–9. Petitioner also seeks a charging order against Mr. Lieberman's interest in Northeast Commercial Reality, LLC. *See* ECF No. 39.

14. At this juncture, in lieu of awarding sanctions or other relief in connection with Respondents' failure to comply with the Court's April 19, 2022 Order, the Court will, as set forth *supra*, afford Respondents seven (7) days from the date of this Order to post a "bond or other security," Fed. R. Civ. P. 62(b), sufficient to cover the cost of the full judgment. If Respondents comply, the Court will enter a stay on execution of the judgment and discovery in aid thereof pursuant to Rule 62(b).

15. However, if Respondents posts an insufficient bond or no bond at all within the specified time frame, the Court will grant Petitioner's request for a charging order against Mr. Lieberman's interest in Northeast Commercial Realty, LLC. The Court may also issue

---

description of any liens on the property. *Id.* Respondents argue that this interrogatory contains multiple subparts in violation of Rule 33. "When a multi-part interrogatory is challenged as being multiplicitous, the Court must decide what constitutes a 'discrete separate subject.'" *Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.* ["*EUG*"], 315 F.R.D. 191, 194 (E.D. Tex. 2016). Although there is no Third Circuit precedent on this issue, the most common test courts apply is "the 'related question' approach," under which "'subparts that are logically or factually subsumed within and necessarily related to the primary question[] should not be treated as separate interrogatories.'" *Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, 2017 WL 2371834, at *3 (D.N.J. Feb. 10, 2017) (citing *EUG*, 315 F.R.D. at 196 (colleting cases)), *report & recommendation adopted*, 2017 WL 2367051 (D.N.J. May 31, 2017). Stated differently, "where the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within [it]." *EUG*, 315 F.R.D. at 196 (quotations and citations omitted). Here, the subparts are logically subsumed. Requesting an address is a means of delineating the specific property or properties Respondents may claim to own. Likewise, Respondents could not respond "completely" to whether they "own" a particular residence or piece of real estate without stating whether ownership is joint, the percentage they own, and whether there are any outstanding liens or mortgage loans secured by such real estate.

[2] "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. p. 7.

8

monetary sanctions, including awarding attorneys' fees in connection with the contempt proceedings, and require Respondents to post a bond pursuant to Fed. R. App. P. 7. Petitioner is directed to apprise the Court as to whether Respondents posted a sufficient bond by the specified time.

## CROSS MOTION FOR SANCTIONS

16. "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule." Fed. R. Civ. P. 11(c)(1). Under Rule 11(b), as relevant here, an attorney represents to the court that he or she is not presenting any papers "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that any factual allegations have, or will likely have, evidentiary support. Fed. R. Civ. P. 11(b).

17. Respondents move for Rule 11 sanctions on various bases, none of which is persuasive. First, Respondents claim that Petitioner asserts, without any evidentiary basis, a concern that Respondents "transferred or are in the process of transferring assets to avoid collection of the judgment." *See* ECF No. 42 at 13; ECF No. 40-2. Yet, Petitioner explained the basis for its concern: Respondents' refusal to produce requested documents showing their current assets and their refusal to appear for a deposition, as the Court ordered. *See* ECF No. 40-2 at 3.  Such a refusal evinces Plaintiffs' motive to hide or transfer their assets.

18. Second, Respondents assert that Petitioner's counsel omitted portions of an email exchange and fails to acknowledge that Mr. Lieberman was attempting to negotiate in good faith. ECF No. 42 at 13. The Court is unpersuaded. The email exchange demonstrates that counsel for Petitioner requested that Respondents complete a personal income statement and send their most recent bank statements and tax returns. *See* Soven Decl. Ex. 1. Mr. Lieberman

9

promised to "continue to work on the information" and "have everything to [counsel] by Thursday," May 5, 2022. *Id.* But by late-afternoon on May 5, counsel informed Mr. Lieberman that "most of the documents [he] provided earlier in the week did not include most of the documents sought in [counsel's] requests." *Id.* Counsel also reminded Mr. Lieberman that Respondents had yet to respond to Petitioner's interrogatories and requested confirmation that Respondents would appear for a deposition on May 17, as the Court ordered. Respondents assert that Petitioner omitted a material portion of the email exchange in which counsel expresses disbelief as to whether Respondents experienced the same "misunderstanding" with seven different financial institutions, which underlies claims Respondents asserted against Credit One and other banks. *See* ECF No. 42 at 7, 13. The Court cannot discern the relevance of this exchange and, in any event, finds no evidence that Petitioner misrepresented the record. Indeed, Respondents still have not complied with Petitioner's requests as of the date of this Order, and the email exchange demonstrates Petitioner's attempts to secure Respondents' compliance.

19. Finally, Respondents suggest that sanctions are warranted because counsel purportedly violated New Jersey law by practicing out of his firm's Philadelphia office, and one of Petitioner's attorneys, Mr. Abraham Colman, is not licensed to practice in New Jersey. *See* ECF No. 42 at 13–15. Mr. Colman sent an email to Mr. Lieberman notifying him that counsel would send a court reporter to record Respondents' non-appearance if Mr. Lieberman refused to confirm that Respondents would appear for the May 17, 2022 depositions. *See* ECF No. 42 at 9. The Court does not find Mr. Colman's email, which pertains to scheduling a deposition, to be grounds for sanctions. Moreover, the undersigned counsel on Petitioner's filings, Mr. Soven, is licensed to practice in New Jersey, and there is no bona fide office requirement. *See* N.J.R. 1:21-1(a). Accordingly, Respondents' cross-

motion for sanctions is denied.

**IT IS** on this 24th day of June, 2022,

**ORDERED** that Respondents' Motion for Stay Pending Appeal [ECF No. 38] is **DENIED**; and it is further

**ORDERED** that Petitioner's Motion to Compel Compliance with Court Order [ECF No. 40] is **GRANTED** in part and **DENIED** in part; the motion is granted with respect to Petitioner's request that the Court hold Respondents in contempt for failing to comply with the Court's April 19, 2022 order, and the Court so find Respondents in contempt; the motion is also granted with respect to Petitioner's request for a finding that Respondents' waived their objection pertaining to Petitioner's written interrogatories; the motion is denied without prejudice with respect to all other relief sought therein; and it is further

**ORDERED** that currently, in lieu of sanctions, Respondents shall have seven (7) days from the date of this Order to post a "bond or other security," Fed. R. Civ. P. 62(b), sufficient to cover the cost of the full judgment; and it is further

**ORDERED** that Petitioner is directed to apprise the Court on whether Respondents have posted a sufficient bond by the specified time frame; and it is further

ORDERED that if proof is provided that Respondents have post a "bond or other security" sufficient to cover the full amount of the judgment, then the Court will enter a stay pending appeal; and it is further

**ORDERED** that Petitioner's Motion for Charging Order [ECF No. 39] is **DENIED** without prejudice; and it is further

**ORDERED** that Respondents' Cross Motion for Sanctions [ECF No. 42] is **DENIED**.

11

/s/ Freda L. Wolfson  
Hon. Freda L. Wolfson  
U.S. Chief District Judge